REINEX vs. THE STATE.

*January 11, 1881.*

CRIMINAL LAW, etc.   *Stay of Execution.*

Hereafter, a stay of execution in a criminal case will not be granted by this court or a justice thereof, pending a writ of error, except for very cogent reasons; but the application must be made to the trial court. And the rule is here applied to a proceeding under the bastardy act.

ERROR to the Circuit Court for *Milwaukee* County.

The application for the writ of error in this case, and the motion for a stay of execution, were made by *James Hickcox, Esq.,* in behalf of the plaintiff in error, but the motion was not argued.

LYON, J.   In a proceeding in the circuit court against the plaintiff in error under R. S., ch. 64, judgment of affiliation was entered against him. He has sued out a writ of error from this court to obtain a review of such judgment, and now moves the court to grant a stay of execution. The power of this court to grant a stay of the execution of judgment in a criminal case, pending a writ of error, is undoubted; and it is conferred upon a justice of the court by statute (R. S., 1102, sec. 4724). The trial court has the same power, however, and we think, as a general rule, the application should be made to the latter court. That court is cognizant of the whole case, and is the better qualified to determine whether there should be any delay of execution. At any rate, no stay will be granted here, unless for very cogent reasons. No reason is assigned in the motion papers for the interference of this court in the present case. Motions of this character have been heretofore granted by the justices of this court, somewhat unadvisedly, without any showing of special reasons for granting them, and the orders have not been challenged; but, upon due deliberation, we have reached the conclusion that the practice is a vicious one. Hereafter the rule above indicated will be observed.

*By the Court.* — Motion denied.