THE STATE vs. COMPTON.        (

*February 3 — February 21, 1893.*

*Criminal law and practice: Exceptions before judgment.*

Sec. 4720, R. S. (providing for bringing criminal cases to the supreme
court upon exceptions), extends only to exceptions taken at the
term at which the conviction occurred.

EXCEPTIONS from the Circuit Court for *Juneau* County.
This case was before the court upon exceptions under
R. S. sec. 4720 (*State v. Compton*, 77 Wis. 460), where the
facts are stated. Those exceptions were overruled, and,
the case having been remanded, the defendant again, after
the lapse of two or more terms, moved for a new trial for
other reasons, in substance that (1) the circuit judge before
whom the defendant was tried had died, and, as the extent

and character of the punishment to be inflicted was discretionary, his successor in office had no judicial knowledge of the facts and circumstances of the case and could not decide what would be the just and proper punishment for the offense, and therefore ought not to sentence him; (2) because the defendant could not, in consequence of the death of the circuit judge, obtain a proper bill of exceptions for review of his case if a new trial should be refused; (3) for newly discovered evidence; (4) for misconduct and misunderstanding of the jury. This motion was overruled, and the circuit judge stated in a summary way, and allowed, exceptions upon the grounds stated and for the denial of the motion, which were signed and filed before the end of that term; and it is claimed that the case is here again, under sec. 4720, for a determination upon these exceptions.

For the state there was a brief by the *Attorney General* and *J. M. Clancey*, Assistant Attorney General, and oral argument by *Mr. Clancey*.

*H. W. Barney*, for the defendant.

PINNEY, J. The question in this case is whether the court has jurisdiction upon exceptions taken and allowed under sec. 4720, after the term at which the defendant was convicted. There are three methods of bringing criminal cases before this court for adjudication, namely, on exceptions, under sec. 4720; upon the report of the trial judge, under sec. 4721, when questions of law arise so important or doubtful as to require the decision of the supreme court; and upon writ of error, under sec. 4724. Under the two former sections the remedy exists after conviction and *before* judgment, and further proceedings will be stayed in the mean time unless it shall clearly appear to the judge that the exceptions are frivolous, immaterial, or intended only for delay. The latter method, by writ of error, exists only *after* judgment; but the execution of the judgment

The State vs. Compton.

may be stayed in the mean time under the order of a justice of this court, or by order of the trial court. But the application for such order is required; as a rule, to be made to the trial court. *Reinex v. State*, 51 Wis. 152. Bills of exceptions in the usual form, to be brought up as a part of the record upon writs of error, "may be served, noticed, and settled in the manner and within the time, and motions for new trial may be made upon the same grounds, provided by law in civil cases." Secs. 4724, 2877. But such bills of exceptions are not the same as the exceptions mentioned in sec. 4720, which provides that "any person who shall be convicted of an offense before the circuit court, being aggrieved by any opinion, direction, or judgment of the court in any matter of law, may allege exceptions thereto, which exceptions, being reduced to writing *in a summary mode*, and presented to the court at any time *before the end of the term*, and if found conformable to the truth of the case, shall be allowed and signed by the judge, and thereupon all further proceedings shall be stayed, unless," etc. To give this court jurisdiction upon exceptions under this section, it is necessary that the record shall show affirmatively that the exceptions were reduced to writing and presented to the trial court before the end of the term at which the defendant is convicted, and were allowed and signed by the judge. *State v. Pooler*, 37 Wis. 306. If allowed and settled after the term, the exceptions are available only on a writ of error. *State v. Bierbach*, 47 Wis. 529. The distinction between exceptions taken and allowed under sec. 4720, and their effect, and the ordinary bill of exceptions, prepared and settled according to the usual practice, and which is available upon a writ of error, is learnedly and elaborately discussed and pointed out in *State v. Clifford*, 58 Wis. 113, 119, 120. The opinion of Mr. Justice Orton on this subject leaves nothing to be added. The statute (sec. 4720) extends only to exceptions taken at the same

The State vs. Compton.

term at which the conviction occurred.  It is evident that it was not intended that there should be successive statements of exceptions, and successive considerations of the same case in this court upon such exceptions, though taken on different grounds; for the case cannot come here on exceptions until there has been a conviction, and all exceptions relied on and taken at such term must be included in the same statement.  They must be presented to the court "before the end of the term," meaning, beyond doubt, before the end of the term at which the conviction occurred.  This necessarily excludes the idea that exceptions alleged or taken to proceedings at a subsequent term to the conviction can be made available for review as upon exceptions.  Now that bills of exceptions may be served, settled, and signed in criminal as in civil cases, and be made available on writ of error, there is no occasion for giving this section a broader construction; for upon a writ of error the execution of the judgment, as already pointed out, may be stayed until the case is determined.  The defendant has already had a hearing in this court upon the exceptions taken and settled at the term at which he was convicted.  He cannot come to this court again *before* judgment, on exceptions taken at a subsequent term.  His remedy as to such matters is clearly by writ of error.  We have no jurisdiction of the case as upon exceptions under sec. 4720.  The remedy of the defendant is by bill of exceptions and writ of error after judgment.  If he fails to procure a bill of exceptions in the manner pointed out in sec. 2877, he will then be entitled to a new trial; but his application for it on the ground of the death of Judge STEWART, before whom he was tried, was premature, for it cannot be known that he will not be able yet to obtain a bill of exceptions by stipulation or agreement.  The result is that the exceptions must be dismissed.

*By the Court.*— It is so ordered.