JOHN, Appellant, vs. MUNICIPAL COURT OF MILWAUKEE
COUNTY and another, Respondents.

*January 7—February 4, 1936.*

For the appellant there was a brief by *Fish, Marshutz & Hoffman,* attorneys, and *I. A. Fish* and *William H. Voss* of counsel, all of Milwaukee, and oral argument by *Mr. Voss.*

For the respondents there was a brief by the *Attorney General, William A. Zabel,* district attorney of Milwaukee county, and *Francis A. Darnieder,* special assistant district attorney, and oral argument by *Mr. Darnieder.*

ROSENBERRY, C. J.  The question presented here is, What compensation, if any, is an attorney, who is appointed to prosecute a writ of error or an appeal in this court on behalf of an indigent defendant, entitled to receive?  The trial court was of the view that compensation was limited by sec. 357.26, Stats.  That section provides for the appointment of counsel to defend indigent defendants in the trial court, and fixes compensation at not to exceed $25 per day for each day actually occupied in trial, and not to exceed $15 for not more than five days actually and necessarily occupied in preparing for trial, and $10 per day and traveling expenses for taking depositions.  The section also provides that if the appointment of counsel does not include services upon an appeal or writ of error, counsel may be appointed in the supreme court and, in the event of such an appointment, shall be paid such sum for services and expenses as the supreme court may determine.  In most jurisdictions where a member of the bar is appointed, in the absence of statutory provision therefor, he renders his services without compensation from the county or state.  *Wayne County v. Waller,* 90 Pa. 99, 35 Am. Rep. 636; 6 C. J. p. 727, § 300, cases cited in footnote 51.  However, in this state and in the state of Indiana, a different rule prevails.

The position of this court in this matter is based upon the provisions of our constitution which provide that in all criminal prosecutions the accused shall enjoy the right to be heard by himself and counsel.  The court said:

"And would it not be a little like mockery to secure to a pauper these solemn constitutional guaranties for a fair and full trial of the matters with which he was charged, and yet say to him when on trial, that he must employ his own counsel, who could alone render these guaranties of any real permanent value to him."  *Carpenter v. County of Dane,* 9 Wis. *274.

Our statutes relating to compensation of attorneys appointed to defend indigent persons must therefore be construed with the established law in mind. It can hardly be said that the preparation of a case and briefs in this court, followed by oral argument here, constitute a trial. The process is not a trial process, but a process of review of a trial already had. It is considered therefore that the language of the statute limiting compensation for services rendered at a trial and for services rendered in preparation for trial does not apply to the prosecution of an appeal or writ of error in this court, and the trial court was in error in so holding.

The per diem charge made by the claimant for services rendered is certainly not extravagant, and is in full accord with the principles laid down by this court in *Richardson v. Tyson*, 110 Wis. 572, 86 N. W. 250; *Estate of Wells*, 156 Wis. 294, 144 N. W. 174, and other cases. The rate charged certainly conforms to the judicial standard as distinguished from the statutory standard or the amount paid voluntarily by private individuals. As a matter of practice, where attorneys have been appointed in this court, such attorneys have been allowed, in addition to compensation, their actual traveling disbursements and no more.

Sec. 251.19, Stats., provides that the attorney general may in his discretion require to be printed by the state printer the case and brief or briefs of any poor indigent defendant, which amount shall be paid out of the state treasury. This statute very evidently lodges with the attorney general the power to cause the case and brief of an indigent defendant in a criminal case to be printed at state expense. In view of this statute, it is considered that a defendant should apply to the attorney general to exercise the discretion thus vested in him. As a matter of fact, so far as our knowledge of the

338

matter extends, the attorney general has exercised the discretion thus vested in him very wisely, and no instance has come to our notice where, in a proper cause, case and briefs were not printed for indigent defendants. In view of what this court has said with respect to the right of the defendant to have his case fully and fairly presented, it seems quite probable that the attorney general would not deny such an application unless some sound reason therefor clearly appears. No other provision having been made for paying the expense of such printing, it is considered that it does not constitute a proper claim against either the state or the county. The same thing is true of stenographic service. Stenographic service is quite as necessary in preparation for trial as are case and briefs in this court, yet the statute awards no compensation therefor.

The trial court did not determine whether or not thirty-six days and one hour were necessarily and actually expended in the preparation of the case and briefs in this court. From the record it does not appear that the claim of Mr. John is unreasonable, but that is a matter for the trial court to determine. In addition to compensation for argument in this court, the claimant should be allowed at the rate of $15 per day for whatever time the court finds was necessarily expended in preparation of case and brief.

*By the Court.*—The order appealed from is reversed, and cause remanded for further proceedings.