STATE, Respondent, vs. TYLER, Appellant.

*September 9—November 4, 1941.*

590

The following memorandum is filed so that it may be published in the Reports and counsel made aware of the ruling of this court upon applications of this character.

PER CURIAM. The application was made under the provisions of sec. 357.26, Stats. This section provides for the appointment by courts of record of counsel to defend persons charged with crime when such persons are unable to procure counsel. This statute was amended by sec. 33, ch. 541, Laws of 1927. The amendment is as follows:

"If appointment of counsel has not been so made as to include services upon appeal or writ of error, the supreme court or the chief justice, upon being satisfied of the inability of the defendant to pay counsel and that review is sought in good faith and that there are reasonable grounds for seeking review, may appoint counsel to prosecute an appeal or writ of error, and such counsel shall be paid such sum for services and expenses as the supreme court shall determine, to be certified to the county treasurer by the clerk of the supreme court."

Attention is directed to the fact that the statute provides that the appointment shall be made "by the supreme court or the chief justice." While there is no statutory provision which authorizes a justice to exercise the power conferred on the chief justice in his absence, it has been the uniform practice

in this court that in the absence of the chief justice the powers conferred upon him may be exercised by the justice "having been longest a continuous member of the court" (sec. 4, art. VII, Const.), who is present and available. Application for appointment of counsel should be made accordingly.

From a reading of this amendment, it is quite obvious that the legislature intended to limit appointments in this court to cases where appointments had been made in the trial court but no provision had been made by the order of appointment in the court below for services in this court. This limitation was imposed, no doubt, for the reason that the legislature realized that the trial court was in very much better position to judge of the merits of the application for the appointment of counsel than this court could possibly be.

When the court had the matter before it in 1928, in the memorandum filed but not published, it was said:

"We deem it proper for the benefit of future applicants to call attention to the fact that the statute requires a showing to be made that there are reasonable grounds for seeking a review. This is analogous to the provisions of section 358.14 relating to stay of execution in criminal cases where the court is required to certify that there is reasonable doubt that the judgment should stand. The practice under section 357.26 should be analogous to that under section 358.14 in that it should be made to appear by the record, transcript therefrom or in some other satisfactory way that the defendant has been prejudiced by errors committed upon the trial. The mere allegation that error was committed without pointing out the nature of the error is not a sufficient compliance with the terms of the statute. The conclusion that there are reasonable grounds for seeking a review must rest upon a statement of facts and not upon allegations in the nature of conclusions which do not disclose the facts."

The practice prescribed by the supreme court in its memorandum then filed has since been followed. It is quite apparent

that the statute was amended in order to do away with abuses which had grown up under the statute as it stood prior to the amendment. It became quite obvious that appeals were being taken in cases which were without merit and where the indigency and inability of the defendant to procure counsel was assumed rather than established. According to the terms of the statute in cases of appointment by this court the fees of counsel and expenses shall be determined by this court and when determined are to be certified to the county treasurer for payment. In order to prevent raids upon the county treasury in cases of indigent defendants, the legislature provided that the question of indigency should be determined by the trial court, which, as has already been pointed out, is in much better position to pass upon the facts than is this court.

The matter was fully considered in 1928. The rule has been followed as laid down at that time for thirteen years. No amendment of the statute as construed has been made, or, so far as we are advised, has been sought. No appointment having been made in the court below in this case, none will be made in this court. For that reason the motion is denied.

*Motion denied.*

### STAYS IN CIVIL CASES.

While the matter is not before the court in this case it has been thought advisable at this time to make a short statement with respect to the practice in this court in regard to the application for and granting of stays in both civil and criminal cases.

Sec. 251.10, Stats., provides:

" . . . Any justice of said court in vacation shall, on good cause shown, have power to allow writs of error, *supersedeas* and *certiorari,* and also to grant injunctional orders."

It is the practice in this court that applications for stay made under this section shall be made to the chief justice and in his absence to the justice "having been longest a continuous

member of the court," who is present and available. This practice was adopted in order to prevent confusion in the clerk's office and successive applications.

In civil cases the granting of stays is regulated by secs. 274.17 to 274.30, Stats. Stays under these sections were dealt with in part in *Carpenter Baking Co. v. Bakery S. D. Local Union* (1941), 237 Wis. 24, 296 N. W. 118, where it was held that after a case is removed to this court, this court has power to grant a stay. In a proper case the stay may also be granted by a justice as provided in sec. 251.10.

In cases in which the court or a justice may grant a stay as a matter of discretion, notice of the motion or application is required. Where application is made to a justice under sec. 251.10, Stats., a formal notice is not required, but such a notice should be given as will enable the opposite party to appear and oppose the application if he be so advised. In cases of great exigency a temporary stay may be granted pending a hearing.

Attention is directed to the fact that in cases covered by secs. 274.18, 274.20 to 274.25, Stats., this court or a judge thereof is empowered to act only—

"when the court or the judge thereof from which the appeal is taken or desired to be taken shall neglect or refuse to make any order or direction, not wholly discretionary, necessary to enable the appellant to stay proceedings upon an appeal the supreme court or one of the justices thereof shall make such order or direction." Sec. 274.28, Stats. *Northwestern Mut. Life Ins. Co. v. Park Hotel Co.* (1875) 37 Wis. 125.

Of this section (274.28) reviser's note 1878 says:

"The decision and this declaration will probably render the occasion for its exercise rare."

STAYS IN CRIMINAL CASES.

Sec. 358.14, Stats., is as follows:

"*Stay of execution in criminal cases.* When a person not convicted of an offense punishable by imprisonment for life,

shall take an appeal or procure a writ of error, the trial court at any time before the record is filed in the supreme court, or a justice of the supreme court thereafter, shall have power by express order to stay execution of the judgment pending such appeal or writ of error in case such trial court or justice shall certify that upon the record there is reasonable doubt that the judgment should stand. No stay shall be granted except upon reasonable prior notice to the prosecuting attorney or attorney general. In case such stay is granted the accused shall recognize to the state of Wisconsin in such sum as the court or justice ordering such stay shall determine, with sufficient sureties, for his appearance in the supreme court at the current or next term thereof, to prosecute his appeal or writ of error with effect, and to abide the sentence thereon, and in the meantime, keep the peace and be of good behavior."

Attention is directed to the fact that under this section stays are granted by a justice of the supreme court, whereas in the case of appointment of counsel for the defense of indigent persons under sec. 357.26, Stats., the appointment is made by the supreme court or the chief justice.

Attention is called to the fact that the statute (sec. 358.14) expressly provides that no stay shall be granted except upon reasonable prior notice to the prosecuting attorney or the attorney general. In most cases where the district attorney wishes to oppose the granting of a stay he appears voluntarily with counsel for the defendent at the time the application is made. In other cases he frequently waives notice under the statute. Unless he appears or waives notice, the application will not be granted until the proper notice is given.

Attention is also called to the fact that the power of this .court to grant a stay is dependent on the fact that the record is already filed in the supreme court at the time the application is made. A good many premature applications are made because of failure to observe this provision of the statute; hence attention is called to it.

In a good many instances counsel assume that the defendant is entitled to a stay as a matter of course. For more than sixty years the rule of this court has been otherwise. In the case of *Reinex v. State* (1881), 51 Wis. 152, 8 N. W. 155, after suing out a writ of error, the plaintiff in error moved this court for a stay of execution. The court said:

"The power of this court to grant a stay of the execution of judgment in a criminal case, pending a writ of error, is undoubted; and it is conferred upon a justice of the court by statute (R. S. 1102, sec. 4724). The trial court has the same power, however, and we think, as a general rule, the application should be made to the latter court. That court is cognizant of the whole case, and is the better qualified to determine whether there should be any delay of execution. At any rate, no stay will be granted here, unless for very cogent reasons. No reason is assigned in the motion papers for the interference of this court in the present case. Motions of this character have been heretofore granted by the justices of this court, somewhat unadvisedly, without any showing of special reasons for granting them, and the orders have not been challenged; but, upon due deliberation, we have reached the conclusion that the practice is a vicious one. Hereafter the rule above indicated will be observed." *Clifford v. State* (1883), 58 Wis. 127, 16 N. W. 25; *State v. Compton* (1893), 84 Wis. 355, 54 N. W. 578.

Mere allegation that the court erred in certain particulars as in giving instructions, the admission or rejection of evidence, is not a sufficient compliance with the rule. The error complained of should be set forth with sufficient particularity with reference to the record to enable the court or justice to determine whether it is of a substantial character.

With respect to compensation the attention of counsel seeking appointment is directed to the case of *John v. Municipal Court of Milwaukee County* (1936), 220 Wis. 334, 264 N. W. 829.