STATE EX REL. WHITE, Petitioner, v. GRAY, Warden, Respondent.

*No. State 140. Decided April 20, 1973.*
(Also reported in 206 N. W. 2d 163.)

For the petitioner the cause was submitted on the brief of *Howard B. Eisenberg,* state public defender, and *Ronald L. Brandt,* assistant state public defender.

WILKIE, J. There is a single issue now before the court. It is: Should this court affirm the trial court's findings of fact and conclusions of law?

When a reference is made for fact finding on a habeas corpus question, the standard of this court's review of the findings is that we will affirm the findings unless they are against the great weight and clear preponderance of the evidence.[3] Credibility of witnesses in these fact findings is in the particular province of the fact finder as is true generally in the conduct of criminal trials.[4] As indicated in our prior decision,[5] at the hearing on the

---

[3] *State ex rel. Casper v. Burke* (1959), 7 Wis. 2d 673, 676, 97 N. W. 2d 703.

[4] *Gauthier v. State* (1965), 28 Wis. 2d 412, 416, 137 N. W. 2d 101.

[5] *Supra,* footnote 1.

motion to withdraw the guilty plea held on August 2, 1971, the petitioner Raymond White testified that there had been a plea bargain agreed upon prior to his guilty plea. The alleged bargain was that the charges against his brother Joseph would be dropped if he would plead guilty. Because the record left some doubt whether there actually was this or any other plea bargain, this court called for additional fact finding. At the further hearing held February 21, 1973, the petitioner continued to assert his basic claim that there was such a plea bargain. On the other hand, both the assistant district attorney for Racine county, who prosecuted the petitioner on the burglary charge, and Attorney James Bremer, his court-appointed trial counsel, testified that there was no such bargain. Thus a clear question of credibility is presented and the trial court's findings indicate that it considered the testimony of Attorneys Ruzicka and Bremer credible, whereas the testimony of the petitioner was incredible. This was for the trial court to determine and its finding that there was no plea bargain is not against the great weight and clear preponderance of the evidence. The contention that the plea was involuntarily made because of the alleged plea bargain necessarily falls as does the claim that there was a conflict of interest on the part of Attorney Bremer when he continued to represent both brothers. The extensive additional hearing here has clarified the situation surrounding the guilty plea and is a further illustration of the desirability of making a complete record at the time a guilty plea is made of any alleged plea bargain which has preceded that plea.[6]

The findings of fact and conclusions of law are affirmed.

*By the Court.*—Petition for writ of habeas corpus denied.

---

[6] *Supra,* footnote 1, at pages 22–25.