UNITED STATES of America, Plaintiff-Appellee,

v.

Clifford JACKSON, Defendant-Appellant.

No. 78–5557
Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Feb. 21, 1979.

* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.

Lamar W. Sizemore, Jr., Macon, Ga. (court-appointed), for defendant-appellant.

D. L. Rampey, Jr., U. S. Atty., William G. Boyd, W. Louis Sands, Asst. U. S. Attys., Macon, Ga., for plaintiff-appellee.

Before COLEMAN, FAY and RUBIN, Circuit Judges.

PER CURIAM:

Appellant Jackson appeals from the District Court's order revoking his probation. On June 29, 1973 Jackson pleaded guilty to a violation of 26 U.S.C. §§ 5205(a)(2), 5604(a). He was given a suspended sentence and placed on probation for a period of five years. The probation sentence was to begin after the conclusion of a state sentence which Jackson was then serving. On February 3, 1977, Jackson was arrested and charged with theft of a motor vehicle and giving a false name to police officers. After pleading guilty, he remained in state custody until March 19, 1978. Pursuant to a petition by the United States Probation Office, the District Court issued a warrant based on Jackson's alleged parole violation emanating from his arrest of February 3, 1978. This warrant was executed on March 19, 1978, the day Jackson was released by state authorities.

On August 30, 1978 Jackson filed a motion to dismiss the probation office's petition for revocation. He argued that the delay between his arrest for the state violation on February 3, 1977 and his probation revocation hearing on August 31, 1978 violated 18 U.S.C. § 3653,[1] the Sixth Amendment right to a speedy trial and the Fifth Amendment right to due process. The District Court rejected these arguments, revoked Jackson's probation, and ordered him imprisoned for three years. He raises the same arguments as the grounds for his appeal.

Jackson's Fifth and Sixth Amendment arguments are clearly foreclosed by our decision in *United States v. Williams*, 558 F.2d 224 (5th Cir. 1977). In *Williams*, we held that the right to a speedy trial does

---

1. Section 3653 provides for the supervision of probationers and their arrest for infractions of the terms of probation. It provides in pertinent part:

> At any time within the probation period, the probation officer may for cause arrest the probationer wherever found, without a warrant. At any time within the probation period, or within the maximum probation period permitted by section 3651 of this title, the court for the district in which the probationer is being supervised or if he is no longer under supervision, the court for the district in which he was last under supervision, may issue a warrant for his arrest for violation of probation occurring during the probation period. Such warrant may be executed in any district by the probation officer or the United States marshal of the district in which the

> warrant was issued or of any district in which the probationer is found. If the probationer shall be arrested in any district other than that in which he was last supervised, he shall be returned to the district in which the warrant was issued, unless jurisdiction over him is transferred as above provided to the district in which he is found, and in that case he shall be detained pending further proceedings in such district.

> As speedily as possible after arrest the probationer shall be taken before the court for the district having jurisdiction over him. Thereupon the court may revoke the probation and require him to serve the sentence imposed, or any lesser sentence, and, if imposition of sentence was suspended, may impose any sentence which might originally have been imposed.

not apply in probation revocation proceedings, since they are not "criminal proceedings." *See Gagnon v. Scarpelli,* 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973). With respect to due process, the *Williams* panel left open the question of "whether due process is violated when, although a detainer has lawfully been filed against the prisoner, the delay in execution actually impairs his ability to contest the fact of violation or to present mitigating evidence." 558 F.2d at 227. The Court did not reach this question because the appellant had failed to demonstrate either type of prejudice. Likewise, Jackson makes no contention that he has been prejudiced.[2] *Williams* therefore requires that his due process argument must fail.

 Jackson's interpretation of Section 3653 was not addressed directly by the Court in *Williams.* Jackson asserts that he was not given a hearing "[a]s speedily as possible after arrest," as required by Section 3653. He does not complain that his hearing did not follow promptly after his federal arrest for parole violation. Rather, he argues that he was entitled to a hearing "[a]s speedily as possible" after his arrest by state officials on February 3, 1977. Thus, he interprets "arrest" to refer to the arrest for the criminal act which constituted the probation violation and not to the arrest for the parole violation itself.

Jackson misinterprets Section 3653. When read in context, "arrest" refers to the arrest for probation violations. The paragraph preceding the phrase in question provides that the probation officer may arrest the probationer for cause without a warrant and that specified courts may issue an arrest warrant *"for violation of probation."* The portion of the statute relied upon by Jackson simply states that a probationer is entitled to a speedy hearing after one of these types of arrest. *Cf. Cook v. United States Attorney General,* 488 F.2d 667, 671 (5th Cir. 1974) (execution of federal parole violators warrant is "operative factor in triggering the availability of the [parole] revocation hearing"). Jackson's reliance on *United States v. Companion,* 545 F.2d 308 (2d Cir. 1976) is misplaced. In *Companion,* a probationer asserted that a delay of eighty-seven days between his arrest *for probation violation* and his hearing violated the "as speedily as possible" requirement of Section 3653. By its recognition that the arrest for probation violation is the point after which a trial must be speedily held, *Companion* supports our interpretation of Section 3653. Since Jackson does not complain that his hearing was not held "[a]s speedily as possible" after his arrest for probation violation, his Section 3653 argument is rejected.

AFFIRMED.

</div>

---

**2.** Jackson argues instead that *Williams* misinterpreted the Supreme Court case of *Moody v. Dagget,* 429 U.S. 78, 97 S.Ct. 274, 50 L.Ed.2d 236 (1976). We do not consider this argument, since we may not overrule the decision of another panel of this Circuit.