State of Wisconsin, Plaintiff-Respondent,
v.
William F. Jorgensen, Defendant-Appellant.
No. 03-1790.
Court of Appeals of Wisconsin.
Opinion Filed: March 31, 2004.
¶1 NETTESHEIM, J.[1]
William F. Jorgensen appeals pro se from a circuit court order denying his motion for a Machner[2] hearing based on his claim of ineffective assistance of counsel. Jorgensen argues that his counsel was ineffective for failing to appeal his probation revocation. Jorgensen also appeals from an order denying his motion for a modification of his sentence. We affirm both orders.

BACKGROUND
¶2 On December 20, 1994, the State filed a complaint charging Jorgensen, as a repeater, with five counts of violating a restraining order contrary to Wis. Stat. §§ 813.12(8)(a) and 939.62(1)(a). Specifically, the complaint alleged that Jorgensen had repeatedly contacted his wife, Donna Jorgensen, contrary to the restraining order. Pursuant to a plea agreement dated May 12, 1995, Jorgensen pled no contest to the charges. In exchange, the State agreed to dismiss and read in pending charges in another matter, to not file any additional charges for events occurring prior to the date of the plea agreement, and to remain silent on the matter of sentencing.
¶3 On July 13, 1995, the trial court sentenced Jorgensen to two years in prison on one of the counts. On the remaining four counts, the court imposed and stayed consecutive two-year sentences and placed Jorgensen on probation for three years subject to various conditions, including a further prohibition against contacting his wife.
¶4 Jorgensen violated the conditions of his probation, resulting in a probation revocation hearing before the Department of Hearings and Appeals on May 31, 2001. Attorney William Michel, who had represented Jorgensen during the trial court proceedings, also represented Jorgensen at this proceeding. At the conclusion of the hearing, the administrator determined that Jorgensen had violated the conditions of his probation, and a written revocation order was entered on June 7, 2001. A copy of this order was sent to Jorgensen, and it advised that the deadline for taking any administrative appeal was June 21, 2001.
¶5 On June 15, 2001, Michel sent Jorgensen a letter advising that he did not see any appealable grounds for challenging the revocation, but that Jorgensen could file an appeal on his own. Jorgensen did not appeal within the prescribed deadline. However, he requested and received various documents from Michel over the next two years. In addition, the public defender denied Jorgensen's request for representation in a letter dated August 21, 2002. This letter noted that Michel had previously determined that Jorgensen did not have any basis upon which to challenge the probation revocation.
¶6 Acting pro se, Jorgensen then sought to reopen the revocation proceeding. In response, the administrator advised Jorgensen in a letter dated January 30, 2003, that he did not have the authority to reopen or review the revocation proceeding because Jorgensen had not timely appealed the revocation order.
¶7 Jorgensen responded with a pro se motion in the criminal case alleging that Michel was ineffective for failing to timely appeal his probation revocation. In addition, Jorgensen brought a motion seeking sentence modification. The trial court conducted a hearing on both motions on May 12, 2003.
¶8 As to the sentence modification request, the trial court denied the motion. As to the ineffective assistance of counsel claim, the court noted that Jorgenson had failed to provide documentation supporting his claim that he had directed Michel to file an appeal. The court gave Jorgensen thirty days to provide such documentation. If he did not do so, the court stated that it would deny the motion.
¶9 In compliance with the trial court's order, Jorgensen provided the trial court with copies of correspondence he had exchanged with Michel. However, the court held that this correspondence merely established what we have already noted-that Michel had advised Jorgensen that he would not be filing an appeal and that Jorgensen was in the process of pursuing his own appeal. Therefore, the court concluded that Jorgensen's proofs did not support his claim that he had directed Michel to file and appeal. Accordingly, the court rejected Jorgensen's motion without conducting a Machner hearing.
¶10 Jorgensen appeals.

DISCUSSION

Ineffective Assistance of Counsel[3]
¶11 An ineffective assistance of counsel claim presents mixed questions of law and fact. Strickland v. Washington, 466 U.S. 668, 698 (1984). A trial court's factual findings must be upheld unless they are clearly erroneous. State v. Pitsch, 124 Wis. 2d 628, 634, 369 N.W.2d 711 (1985). Whether counsel's performance was deficient and, if so, whether the deficient performance prejudiced the defendant present questions of law, which we review de novo. Id. The defendant has the burden of persuasion on both prongs of the test, and a reviewing court need not address both prongs if the defendant fails to make a sufficient showing on one. Strickland, 466 U.S. at 687, 697.
¶12 Before a trial court must grant an evidentiary hearing on an ineffective assistance of counsel claim, the defendant must allege facts which, if true, would entitle the defendant to relief. State v. Bentley, 201 Wis. 2d 303, 309, 548 N.W.2d 50 (1996). "However, if the defendant fails to allege sufficient facts in his [or her] motion to raise a question of fact, or presents only conclusory allegations, or if the record conclusively demonstrates that the defendant is not entitled to relief, the trial court may in the exercise of its legal discretion deny the motion without a hearing." Id. at 309-10 (citing Nelson v. State, 54 Wis. 2d 489, 497-98, 195 N.W.2d 629 (1972)). Upon appeal, we review the defendant's motion de novo to determine whether it alleges facts sufficient to raise a question of fact necessitating a Machner hearing. See Bentley, 201 Wis. 2d at 310.
¶13 After the revocation, the Department sent a notice to Jorgensen advising that he had until June 21, 2001, to appeal. Prior to that date, Michel wrote to Jorgensen stating that he did not see any appealable grounds and advising Jorgensen that he would not be taking an appeal. Jorgensen contends that Michel was ineffective for failing to appeal the revocation.
¶14 However, Jorgensen's motion does not recite the grounds for any potential appeal, much less why those grounds would produce a favorable result. See State v. Byrge, 225 Wis. 2d 702, 724, 594 N.W.2d 388 (Ct. App. 1999) ("[a] defendant who alleges that counsel was ineffective by failing to take certain steps must show with specificity what the actions, if taken, would have revealed and how they would have altered the outcome of the proceeding"). Without specific allegations demonstrating how Michel was ineffective in concluding that no appealable issues were present, it follows that Jorgensen's motion fails on both the ineffectiveness and prejudice prongs of an ineffective assistance of counsel analysis. See Bentley, 201 Wis. 2d at 309. Therefore, we hold that the trial court correctly denied Jorgensen's motion without conducting a Machner hearing.
¶15 Further, as the trial court correctly noted, the documents submitted by Jorgensen belied his allegation that he had asked Michel to appeal the revocation. The written correspondence between Jorgensen and Michel fail to support Jorgensen's claim that he instructed Michel to file an appeal. To the contrary, the letters reveal that Michel told Jorgensen that there were no appealable issues, that he would not be filing an appeal, and that Jorgensen intended to file an appeal on his own.
¶16 "[I]f the record conclusively demonstrates that the defendant is not entitled to relief, the trial court may in the exercise of its legal discretion deny the motion without a hearing." Bentley, 201 Wis. 2d at 310 (citing Nelson, 54 Wis. 2d at 497-98). In light of the record which conclusively refutes Jorgensen's allegation that he instructed Michel to file the appeal-a fact central to his claim of ineffective assistance of counsel-the circuit court did not erroneously exercise its discretion in denying Jorgensen's request for a Machner hearing.[4]

Sentence Modification
¶17 Jorgensen next argues that the consecutive two-year sentences on the four counts originally stayed in favor of probation are harsh and unconscionable and therefore the trial court misused its discretion by denying his motion to modify the sentences.
¶18 This court will uphold a sentence unless the trial court erroneously exercised discretion. State v. J.E.B., 161 Wis. 2d 655, 661, 469 N.W.2d 192 (Ct. App. 1991). This court presumes that the trial court acted reasonably. Id. To gain reversal, the defendant must show that the court relied upon an unreasonable or unjustifiable basis for the sentence. Id. Public policy strongly disfavors appellate interference with a trial court's sentencing discretion. State v. Teynor, 141 Wis. 2d 187, 219, 414 N.W.2d 76 (Ct. App. 1987).
¶19 A sentencing court must consider the gravity of the offense, the character and circumstances of the defendant, and the protection of the public. State v. Borrell, 167 Wis. 2d 749, 773, 482 N.W.2d 883 (1992). The court has discretion to give each sentencing factor the weight it deems appropriate. J.E.B., 161 Wis. 2d at 662. Further, a sentencing court "has discretion in determining the length of the sentence within the permissible range set by statute." Ocanas v. State, 70 Wis. 2d 179, 185, 233 N.W.2d 457 (1975). An erroneous exercise of discretion will be found only if the sentence "is so excessive and unusual and so disproportionate to the offense committed as to shock public sentiment and violate the judgment of reasonable people concerning what is right and proper under the circumstances." Id.
¶20 Jorgensen's postconviction motion does not allege that the trial court failed to consider the primary sentencing factors or sentenced him to an impermissible length of time. Jorgensen's motion alleges only that his sentence was unduly harsh because there "were not violent acts committed." The trial court agreed that Jorgenson's violations of the restraining orders could be classified as "non-violent or non-assaultive," but the court nonetheless viewed them as "serious offenses" and "a direct affront to the court and to the justice system." In addition, the trial court noted Jorgensen's inability to address his history of alcoholism and his lengthy criminal record that dated back to 1969. These remarks by the trial court followed up on the State's observation that most of Jorgensen's prior offenses were the result of confrontations with his wife, the victim in this case.
¶21. In summary, this was an escalating situation in which the trial court deemed it necessary to fashion a sentence with some teeth, some opportunity, and some consequences. Jorgensen was facing a maximum sentence of fifteen years in prison. The court rejected the Department's recommendation for a four-year prison sentence. Instead, the court limited the immediate confinement to two years on one of the counts. This was not far off the mark of Jorgensen's own suggestion that the court impose a one-year term of immediate confinement. Jorgensen, however, argued for withheld sentences and probation on the remaining counts. The trial court agreed that probation was appropriate, but deemed that imposed and stayed sentences were necessary. Given Jorgensen's criminal history and the failure of prior criminal dispositions to correct his behavior, we conclude that the sentence structure was appropriate, circumspect, and well reasoned.

CONCLUSION
¶22 We conclude that Jorgenson's motion claiming ineffective assistance of counsel failed to demonstrate a prima facie case entitling him to a Machner hearing. We further conclude that Jorgenson's sentence was not unduly harsh under the circumstances and that the trial court properly exercised its sentencing discretion.
By the Court.  Orders affirmed.
NOTES
[1] This appeal is decided by one judge pursuant to Wis. Stat. § 752.31(2)(f) (2001-02). All references to the Wisconsin Statutes are to the 2001-02 version.
[2] State v. Machner, 92 Wis. 2d 797, 285 N.W.2d 905 (Ct. App. 1979).
[3] Currently, the question of whether an individual has a constitutional right to effective assistance of counsel in a probation revocation appeal is unsettled. See State ex rel. Mentek v. Schwarz, 2000 WI App 96, ¶11, 235 Wis. 2d 143, 612 N.W.2d 746, rev'd on other grounds, 2001 WI 32, 242 Wis. 2d 94, 624 N.W.2d 150 (Wis. Apr. 04, 2001) (No. 99-0182). In March 2003, the Wisconsin Supreme Court accepted a certification of this precise issue in State ex. rel Griffin v. Smith, 2003 WI 32, 260 Wis. 2d 756, 661 N.W.2d 104 (Wis. Mar. 21, 2003) (No. 01-2345), however, to date there has been no opinion issued in that case.

For purposes of this appeal, we will assume arguendo that Jorgensen was entitled to effective assistance of counsel during his probation revocation proceedings.
[4] Although we reject Jorgensen's claim on the same grounds as the trial court, we observe that there is a further basis for concluding that Attorney Michel was not ineffective. An attorney is not entitled to advance an argument that the attorney believes to be meritless. See Schaefer v. Riegelman, 2002 WI 18, ¶29, 250 Wis.2d 494, 639 N.W.2d 715; see also SCR 20:3.1 (2000) (in the course of a client's representation, a lawyer shall not "knowingly advance a factual position unless there is a basis for doing so that is not frivolous") and SCR 20:3.1 comment (frivolity is found where the lawyer is "unable either to make a good faith argument on the merits of the action taken or to support the action taken by a good faith argument for an extension, modification or reversal of existing law").