STATE of Wisconsin EX REL. James A. MENTEK, Jr., Petitioner-Appellant-Petitioner,

v.

David H. SCHWARZ, Administrator, Division of Hearing and Appeals, Respondent-Respondent.

Supreme Court

*No. 99–0182. Oral argument March 1, 2001.—Decided April 4, 2001.*

**2001 WI 32**

(Also reported in 624 N.W.2d 150.)

For the petitioner-appellant-petitioner there were briefs by *Stephen M. Compton* and *Stephen M. Compton, S.C.*, Delavan, and oral argument by *Stephen M. Compton.*

For the respondent-respondent the cause was argued by *William C. Wolford*, assistant attorney general, with whom on the brief was *James E. Doyle,* attorney general.

¶ 1. SHIRLEY S. ABRAHAMSON, CHIEF JUSTICE. This is a review of a published decision of the court of appeals, *State ex rel. Mentek v. Schwarz,* 2000 WI App 96, 235 Wis. 2d 143, 612 N.W.2d 746. The court of appeals affirmed an order of the Circuit Court for Kenosha County, Mary K. Wagner-Malloy, Judge. The circuit court order dismissed the petition for a writ of certiorari filed by James A. Mentek, Jr. seeking judicial review of a March 6, 1998, order of the Department of Hearings and Appeals revoking his probation. The circuit court dismissed the petition on the grounds that Mentek failed to exhaust his administrative remedies before filing the petition as required by Wis. Stat. § 801.02(7)(1995–96).[1] The court of appeals also con-

---

[1] All subsequent references to the Wisconsin Statutes are to the 1995–96 version unless otherwise noted.

cluded that Mentek's administrative remedies were not exhausted pursuant to § 801.02(7).[2]

¶ 2. The issue on review is whether Mentek was required to exhaust his administrative remedies under § 801.02(7) or any other rule of law in order to petition the circuit court for writ of certiorari. We conclude that Wis. Stat. § 801.02(7) (1995–96) does not apply to a petition for a writ of certiorari seeking judicial review of a probation revocation by the Department of Administration. We further hold that this case falls within

---

[2] On appeal to the court of appeals, and before this court, Mentek argued that his due process right to effective assistance of counsel was violated. Mentek asserts that Wis. Admin. Code § HA 2.05(3)(f) (Jan., 1992) grants him the right to counsel on administrative appeal. In *State ex rel. Schmelzer v. Murphy*, 201 Wis. 2d 246, 253, 548 N.W.2d 45 (1996), the court determined that "[w]here a statutory right to counsel exists, we have held that the right includes the right to effective counsel" (citation omitted).

Mentek further asserts that he requested that counsel appointed for the probation revocation hearing file an administrative appeal; that his counsel indicated he would file the appeal; and that after the time to file the appeal expired his counsel advised that he had not filed an appeal because an appeal was meritless and that Mentek could file a petition for writ of certiorari.

The court of appeals concluded that no right to counsel exists on administrative appeal, that a problem arises when an attorney promises to file an appeal and then fails to do so, and that it did not have the authority to fashion a remedy.

Because we conclude that the cause is remanded to the circuit court for consideration of the petition for writ of certiorari, we need not and do not address the issue of the right to assistance of counsel. Mentek's motion to supplement the record with a letter from counsel stating counsel's intent to file an appeal is denied.

recognized exceptions to the doctrine of exhaustion of administrative remedies. Accordingly, we reverse and remand Mentek's petition to the circuit court for consideration.

¶ 3. This review centers on Mentek's probation revocation on March 6, 1996, which apparently stemmed from two 1993 convictions. The facts are not fully developed or clear, but the facts relevant to this proceeding can be simply stated. Probation revocation hearings were held before an administrative law judge during October 1997 and February 1998, at which Mentek was represented by appointed counsel. On March 6, 1998, Mentek's probation was revoked. Mentek alleges that his counsel agreed to file an administrative appeal following the probation revocation. Under Wis. Admin. Code § HA 2.05(8) (Sept., 1995), an administrative appeal must be filed within ten working days of the decision. The deadline for Mentek's administrative appeal therefore expired on March 20, 1998. In a letter dated March 25, 1998, counsel informed Mentek that he would not be filing an administrative appeal. The letter further instructed Mentek that he could seek judicial review through a writ of certiorari.

¶ 4. Mentek's petition for a writ of certiorari, filed pro se on August 24, 1998,[3] alleged numerous procedural violations before and during his revocation hearing. Mentek alleged, among other matters, violations of the statutory time frames and notification requirements set forth for probation revocation proceedings, violations of his right to counsel at the revocation hearings, and violations of court orders dis-

---

[3] Mentek apparently first filed a petition in forma pauperis in late July or early August 1998, which was returned to him because the circuit court denied his in forma pauperis status.

missing the revocation hearings and ordering Mentek's release.

¶ 5. The State made no substantive response to Mentek's legal or factual allegations. Instead, the State moved to dismiss the petition on the grounds that Mentek "failed to exhaust his administrative remedies as required by Wis. Stat. § 801.02(7)(b)." In a hearing on November 10, 1998, Judge Wagner-Malloy granted the State's motion to dismiss Mentek's petition under Wis. Stat. § 801.02(7)(b), over Mentek's objections.[4] The court of appeals affirmed the dismissal, concluding that Mentek's failure to appeal administratively barred his petition under Wis. Stat. § 801.02(7)(b).

¶ 6. The State now concedes that Wis. Stat. § 801.02(7)(b) does not apply to Mentek's petition for a writ of certiorari.[5] We agree with the State. Section

---

[4] There is no explanation in the record as to why the petition was before Judge Wagner-Malloy. The court of appeals described the situation as confusing. Mentek had filed a request for a substitution of judge on August 26, 1998, and according to the record, the case was assigned to Judge S. Michael Wilk.

Wisconsin Stat. § 801.58(2)(1995–96) provides that when a request is properly submitted, "the judge named in the request has no further jurisdiction and the clerk shall request the assignment of another judge under s. 751.03." In discussing this confusing record, the court of appeals concluded that the substitution claim is moot because Mentek did not have a viable ineffective assistance of counsel claim as a matter of law. Because we remand the cause to the circuit court, the issue of what judge should be assigned to this case on remand is not moot.

[5] Wisconsin Stat. § 801.02(7)(b) (1995–96), provided:

No prisoner. . .may commence a civil action or special proceeding against an officer, employe or agent of the *department of corrections* in his or her official capacity or as an individual for acts or omissions committed while carrying out his or her duties as an

801.02(7) governs a court action commenced after an administrative decision by the Department of Corrections. Probation revocation hearings are held before the Division of Hearings and Appeals in the Department of Administration. Administrative appeals may be made to the administrator of that division. Judicial review of an administrative revocation of probation is by writ of certiorari and the division administrator of the Division of Hearings and Appeals in the Department of Administration is the respondent. The certiorari action in the present case is not a civil action against an officer, employee, or agent of the Department of Corrections and therefore Wis. Stat. § 801.02(7) does not apply.

¶ 7. The State contends, however, that even in the absence of a statutory bar, Mentek's petition should be dismissed for failure to exhaust administrative remedies before initiating judicial action. The regulations of the Division of Hearings and Appeals governing probation revocation proceedings establish a process to appeal the decision of the administrative law judge to the administrator of the division.[6] The notes to the regulations state that the administrator's decision is the "final decision and is not subject to further administrative review."[7]

---

officer, employe or agent or while acting within the scope of his or her office, employment or agency until the person has exhausted any administrative remedies that the *department of corrections* has promulgated by rule (emphasis added).

This statute was subsequently amended by 1997 Act 133, §§ 11, 44(1).

[6] Wis. Admin. Code § HA 2.05(8) and (9) (Sept., 1995).

[7] Wis. Admin. Code § HA 2.05, note to subsection (8).

¶ 8. The law is well established that "judicial relief will be denied until the parties have exhausted their administrative remedies; the parties must complete the administrative proceedings before they come to court."[8] The rule requiring exhaustion of administrative remedies before initiating judicial proceedings is a doctrine of judicial restraint justified by good policy reasons. To prevent premature judicial incursions into agency activities, a state agency should be given the opportunity to correct its own error, thus applying its special competence and expertise to the matter. The exhaustion doctrine also promotes judicial efficiency by allowing conflicts to be resolved at the administrative level without resort to litigation. In addition, the process of agency review may provide a court with greater clarification of the issues if a matter is not resolved before the agency.[9]

¶ 9. The law is also clear that a court "need not apply the exhaustion doctrine in a rigid, unbending way."[10] A court may "assume jurisdiction of a case, notwithstanding a party's failure to exhaust administrative remedies, where the court finds that the reasons supporting the exhaustion rule are lacking."[11]

---

[8] *Nodell Inv. Corp. v. Glendale*, 78 Wis. 2d 416, 424, 254 N.W.2d 310 (1977).

[9] *Kramer v. Horton*, 128 Wis. 2d 404, 418, 383 N.W.2d 54 (1986), cert. denied, 479 U.S. 918, overruled on other grounds by *Casteel v. Vaade*, 167 Wis. 2d 1, 481 N.W.2d 476 (1992).

[10] *County of Sauk v. Trager*, 118 Wis. 2d 204, 214, 346 N.W.2d 756 (1984).

[11] *Nodell Inv. Corp.*, 78 Wis. 2d at 425–26. *See also Trager*, 118 Wis. 2d at 210 (citing *Nodell Inv. Corp.*, 78 Wis. 2d at 424–26).

In exercising its discretion in deciding whether to apply the exhaustion doctrine, the court must look at the circumstances under which the doctrine arises and the reasons for the doctrine, and then balance the advantages and disadvantages of applying the doctrine in a particular case, including the litigant's need for judicial review, the agency's interest in precluding litigation, and the public's interest in the sound administration of justice.[12]

¶ 10. Applying these principles, we examine whether the doctrine of exhaustion of administrative remedies should be applied in the present case.

¶ 11. First, we consider Mentek's need for judicial review. Mentek appeals the administrative revocation of his probation, which directly impacts his liberty interest. Mentek has been incarcerated under protest since 1997. The record suggests that he has made credible legal arguments in his pro se filings in the circuit court and the court of appeals, and the documents filed with Mentek's petition provide factual support for his allegations. We therefore conclude that Mentek's need for judicial review is substantial.

¶ 12. Second, we consider the agency's interest in precluding this litigation. The Division of Hearings and Appeals, like other administrative agencies, has substantial interest in exhaustion of administrative procedures. We described these policy interests above.

¶ 13. The facts of the present case, however, suggest that the Division of Hearings and Appeals' interest in precluding Mentek from litigation is weak. Mentek alleges that he was not permitted to argue various due process and other constitutional rights during the probation revocation proceedings and that

---

[12] *Trager*, 118 Wis. 2d at 210, 214.

he was instructed to pursue these issues on writ of certiorari.[13] Thus the administrative proceedings, including the administrative appeal, apparently would not provide Mentek with a forum to state his objections.

¶ 14. Furthermore, the official communication from the Division of Hearings and Appeals dated March 6, 1998, informing Mentek of his probation revocation and advising him of his right to appeal administratively and to seek judicial review through writ of certiorari, does not expressly state that the right to seek judicial review is contingent upon first filing an administrative appeal. If it is the Division's position that an administrative appeal is a condition precedent to judicial review, the Division has not so advised Mentek (or Mentek's counsel) in its written instruction form. When counsel wrote Mentek after the probation revocation decision and informed him of his rights, counsel apparently interpreted the revocation form as allowing Mentek the right to seek judicial review without filing an administrative appeal. Counsel advised Mentek that "failure to file an administrative appeal does not bar you from filing a Writ of Certiorari in the circuit court in which you were convicted."

¶ 15. Under these circumstances, the agency's interest in precluding litigation, which the State contends is strong, is not supported by the Division's communications with Mentek. To the contrary, the Division's interest in precluding litigation in the present case appears weak.

---

[13] This allegation appears in an affidavit from Jerold Breitenbach, Mentek's attorney during the initial revocation proceedings, submitted as part of Mentek's petition for a writ of certiorari. The State has not challenged this allegation.

¶ 16. Third, we consider the public interest in the sound administration of justice. This court recently considered a constitutional challenge to administrative probation revocations, a practice that at the time was unique to Wisconsin.[14] We upheld the constitutionality of this practice, concluding that affected individuals would receive meaningful judicial review through writ of certiorari.[15] Despite nearly three years of legal efforts remarkable for a pro se litigant filing from behind bars, Mentek has yet to receive meaningful judicial review of any of his allegations. In contrast, the State has thus far avoided the merits of Mentek's challenges by relying on a statute that on its face is inapplicable to the facts of the present case. We conclude that the public interest in the sound administration of justice would suffer if we denied Mentek meaningful judicial review under the circumstances.

¶ 17. Considering the purposes of the doctrine of exhaustion of administrative remedies and balancing the three interests this court has identified, we conclude that the circuit court should exercise jurisdiction over Mentek's petition for a writ of certiorari, notwithstanding his failure to exhaust his administrative remedies. We therefore remand to the circuit court for consideration of Mentek's legal and factual allegations, including his request for substitution of judge. On remand, the circuit court should be mindful of the standards governing pro se litigants. *See State ex rel. McMillian v. Dickey*, 132 Wis. 2d 266, 279, 392 N.W.2d 453 (Ct. App. 1986) ("[W]e follow a liberal policy when

[14] *See State v. Horn*, 226 Wis. 2d 637, 652, 594 N.W.2d 772 (1999).
[15] *See Horn*, 226 Wis. 2d at 652.

judging the sufficiency of pro se pleadings by prisoners.").

*By the Court.*—The decision of the court of appeals is reversed and the cause remanded.

¶ 18. SHIRLEY S. ABRAHAMSON, CHIEF JUSTICE *(concurring)*. Although it is not necessary to the court's holding today, which is grounded narrowly on this court's conclusion that exhaustion of administrative remedies was not required in the present case, I would also conclude that Mentek had the right to assistance of counsel established by Wis. Admin. Code § HA 2.05(3)(f) (Jan., 1992) for the administrative appeal of the decision revoking his probation. When an individual has a right to counsel, counsel must be effective.[1]

¶ 19. The court of appeals focused on the issue of effective assistance of counsel and determined that the right to counsel authorized in the regulations of the Division of Hearing and Appeals applies only to the probation revocation hearing, not to the administrative appeal. Absent a right to counsel on administrative appeal, the court of appeals concluded that Mentek could not argue that he had been denied effective assistance of counsel when his attorney failed to file his appeal. I disagree with this reasoning. I agree with the position set forth by Judge Richard Brown in his dissent in the court of appeals.[2]

¶ 20. The Division's regulations set forth the rights of an individual who faces probation revocation. Wisconsin Admin. Code § HA 2.05, entitled "Revoca-

---

[1] *See State ex rel. Schmelzer v. Murphy*, 201 Wis. 2d 246, 252–53, 548 N.W.2d 45 (1996).

[2] *State ex rel. Mentek v. Schwartz*, 2000 WI App 96, ¶ 25, 235 Wis. 2d 143, 612 N.W.2d 746.

tion hearing," enumerates the client's rights at the hearing as follows:

> (3) CLIENT'S RIGHTS. The client's rights at the hearing include:
> (a) The right to be present;
> (b) The right to deny the allegation;
> (c) The right to be heard and to present witnesses;
> (d) The right to present documentary evidence;
> (e) The right to question witnesses;
> (f) The right to the assistance of counsel;
> (g) The right to waive the hearing;
> (h) The right to receive a written decision stating the reasons for it based upon the evidence presented; and
> (i) The right to appeal the decision in accordance with sub. (8).

¶ 21. The State points out that this subsection specifies the client's rights "at the hearing." The State then argues that the words "at the hearing" should be read into each of the enumerated rights, including "the right to the assistance of counsel" set forth in provision (f). The State urges us to conclude that the regulations limit a probationer's right to counsel to the revocation hearing itself.

¶ 22. However, as Judge Brown's dissent explains, several of the rights enumerated in subsection (3) are not limited to the hearing itself. For example, (3)(g), the right to waive the hearing, is a prehearing right. Provisions (3)(h) and (3)(i), granting the rights to "receive a written decision stating the reasons for it based upon the evidence presented" and to "appeal the decision in accordance with sub. (8)," are post-hearing rights. The right to assistance of counsel

106

expressed in (3)(f) seems applicable to before, during, and after a revocation hearing. Consequently, the dissent concluded that statutory interpretation does not require the words "at the hearing" to be read into each of the enumerated rights. I agree. It does not make sense to add the words "at the hearing" to (3)(f), (g), (h), or (i).

¶ 23. Furthermore, Wis. Admin. Code § HA 2.05 is entitled "Revocation hearing," but it governs both pre- and post-hearing matters. Thus, the term "revocation hearing" as used in Wis. Admin. Code § HA 2.05 encompasses pre-hearing matters such as notice before the hearing[3] and post-hearing matters such as appeal,[4] as well as the hearing itself.

¶ 24. Additional assistance for our task of interpreting the scope of the right to counsel in Wis. Admin. Code § HA 2.05(3)(f) comes from subsection (8), governing appeal of the administrative law judge's decision. Subsection (8)(a) provides:

> The client, the client's attorney, *if any*, or the department representative may appeal the administrative law judge's decision by filing a written appeal with arguments and supporting materials, if any, with the administrator within 10 days of the date of the administrative law judge's written decision (emphasis added).

The State suggests that the phrase "the client's attorney, if any" means that the regulations do not require the right to assistance of counsel on appeal. However, this interpretation is unconvincing, since the same phrase, "the client's attorney, if any," appears throughout Wis. Admin. Code § HA 2.05, including the

---

[3] Wis. Admin. Code § HA 2.05(1) (Jan., 1992).
[4] Wis. Admin. Code § HA 2.05(8) (Sept., 1995).

subsections governing the revocation hearing itself, at which the client unquestionably has the right to the assistance of counsel. *See, e.g.*, Wis. Admin. Code § HA 2.05(6)(g) and (6)(h).

¶ 25. Another aspect of subsection (8) that is helpful to our interpretive task is the fact that it establishes a time period of ten working days for filing a written administrative appeal "with arguments and supporting materials, if any."[5] Judge Brown's dissent considered this short administrative appeal time frame relevant, reasoning that it would not make sense to hold that the regulations give an individual a right to counsel at the hearing, but that the client is on his or her own for an appeal, which must be filed within ten days.[6] As a result, the dissent concluded that the right to the assistance of counsel set forth in Wis. Admin. Code § HA 2.05(3)(f) extends to the administrative appeal.

---

[5] Wis. Admin. Code § HA 2.05(8)(a).

[6] At oral argument, the attorney for the State suggested that this ten-day deadline is not enforced in a Draconian manner, stating:

> If somebody is concerned about a deadline, a pro se or probably even an attorney, they say just file something. Just get it in on time and then we'll give you a certain amount of time to supplement it. So it's not like they always have to have everything in within the ten-day working period.

While I appreciate the Division's efforts to provide flexibility, information regarding the Division's informal practices is not relevant to our interpretation of the regulation. The regulation sets forth an unambiguous ten-day time frame for an appeal alongside a right to the assistance of counsel that is ambiguous. Therefore, we consider this ten-day time frame relevant to interpreting the right to counsel in Wis. Admin. Code 2.05(3)(f).

¶ 26. The most reasonable interpretation of Wis. Admin. Code § HA 2.05(3)(f) is that the probationer has the right to the assistance of counsel for filing an administrative appeal.[7] This is the interpretation I would adopt.

¶ 27. For the reasons set forth, I write separately.

¶ 28. I am authorized to state that Justice ANN WALSH BRADLEY joins this opinion.

---

[7] This analysis is consistent with the analysis used to support an individual's right to counsel on filing a petition for review in this court. *See Schmelzer*, 201 Wis. 2d at 252–53, in which this court concluded that an accused's right to counsel extends through the filing of a petition for review, and, if the petition is accepted, includes representation through the subsequent proceedings in this court.