CLEAN WATER ACTION COUNCIL OF NORTHEAST
WISCONSIN, Petitioner-Appellant,†

v.

WISCONSIN DEPARTMENT OF NATURAL RESOURCES,
Respondent-Respondent,

APPLETON COATED LLC, Respondent.

Court of Appeals

*No. 2013AP2112. Submitted on briefs April 8, 2014.
—Decided April 29, 2014.*

2014 WI App 61

(Also reported in 848 N.W.2d 336.)

† Petition for Review denied September 25, 2014.

286

On behalf of the petitioner-appellant, the cause was submitted on the briefs of *James E. Parra* and *Elizabeth R. Lawton* of *Midwest Environmental Advocates, Inc.*, Madison.

On behalf of the respondent-respondent, the cause was submitted on the brief of *Jordan J. Hemaidan* and *Michael P. Screnock* of *Michael Best & Friedrich LLP*, Madison.

Before Hoover, P.J., Mangerson and Stark, JJ.

¶ 1. STARK, J. Clean Water Action Council of Northeast Wisconsin (CWAC) appeals an order dismissing its petition for judicial review of the Wisconsin Department of Natural Resources' (DNR) decision to reissue a Wisconsin Pollution Discharge Elimination System (WPDES) permit to Appleton Coated LLC. Relying on *Sewerage Commission v. DNR*, 102 Wis. 2d 613, 307 N.W.2d 189 (1981), the circuit court concluded CWAC failed to exhaust its administrative remedies because it petitioned for judicial review under Wis. Stat. § 227.52[1] without first obtaining a contested case hearing under Wis. Stat. § 283.63. We agree with the circuit court that *Sewerage Commission* is controlling and requires a contested case hearing under § 283.63 as a

---

[1] All references to the Wisconsin Statutes are to the 2011–12 version unless otherwise noted.

prerequisite to judicial review of the DNR's decision to issue a WPDES permit. We therefore affirm the order dismissing CWAC's petition.

## BACKGROUND

¶ 2. The United States Congress enacted the Federal Water Pollution Control Act Amendments of 1972 (the Clean Water Act) to "restore and maintain the chemical, physical, and biological integrity of the Nation's waters." 33 U.S.C. § 1251(a). "To effectuate that objective, the Clean Water Act generally prohibits the discharge of any pollutant into navigable waters except when done pursuant to a National Pollution Discharge Elimination System (NPDES) permit." *Andersen v. DNR*, 2011 WI 19, ¶ 33, 332 Wis. 2d 41, 796 N.W.2d 1 (citing 33 U.S.C. § 1311(a)). The United States Environmental Protection Agency (EPA) has primary authority to issue NPDES permits, but it may delegate that authority to a state when certain conditions are met. 33 U.S.C. § 1342(a)(1), (b). The EPA approved Wisconsin's WPDES permitting program on February 4, 1974. *Andersen*, 332 Wis. 2d 41, ¶ 37. The WPDES program is administered by the DNR and governed by Wis. Stat. ch. 283. Wis. Stat. §§ 283.001(2), 283.01(3).

¶ 3. On October 1, 2012, the DNR reissued a WPDES permit to Appleton Coated authorizing it to discharge treated wastewater from its paper production facility into the lower Fox River. CWAC filed a petition for judicial review of the DNR's decision to reissue the permit, under Wis. Stat. § 227.52, arguing the permit violated several state statutes and administrative rules. Appleton Coated moved to dismiss CWAC's petition, arguing: (1) CWAC failed to exhaust its administrative remedies because it did not obtain a contested case

hearing under WIS. STAT. § 283.63 before seeking judicial review; and (2) the portions of the permit that CWAC asserted were illegal did not constitute final agency decisions. The circuit court agreed with Appleton Coated's first argument and dismissed CWAC's petition. CWAC now appeals.

## DISCUSSION

¶ 4. "[W]here a statute sets forth a procedure for review of administrative action and court review of the administrative decision, such remedy is exclusive and must be employed before other remedies are used." *Nodell Inv. Corp. v. City of Glendale*, 78 Wis. 2d 416, 422, 254 N.W.2d 310 (1977). Pursuant to this principle, courts generally deny judicial relief until the parties have exhausted their administrative remedies. *Id.* at 424. The requirement that parties exhaust their administrative remedies " 'is a doctrine of judicial restraint, justified by good policy reasons.' It permits the administrative agency to apply its own expertise to the matter, promotes judicial efficiency, and may provide the court with greater clarification of the issues in the event the matter is not resolved before the agency." *St. Croix Valley Home Builders Ass'n, Inc. v. Township of Oak Grove*, 2010 WI App 96, ¶ 11, 327 Wis. 2d 510, 787 N.W.2d 454 (quoting *State ex rel. Mentek v. Schwarz*, 2001 WI 32, ¶ 8, 242 Wis. 2d 94, 624 N.W.2d 150).

¶ 5. Whether to apply the doctrine of exhaustion is committed to the circuit court's discretion. *Id.*, ¶ 10 & n.5. Thus, we will uphold the circuit court's decision if it examined the relevant facts, applied a proper standard of law, and used a demonstrably rational

process to reach a reasonable conclusion. *Id.*, ¶ 10. We independently review any questions of law underlying the court's discretionary decision. *Monicken v. Monicken*, 226 Wis. 2d 119, 125, 593 N.W.2d 509 (Ct. App. 1999).

¶ 6. The circuit court concluded CWAC failed to exhaust its administrative remedies because it proceeded directly to judicial review under WIS. STAT. § 227.52 without first obtaining a contested case hearing under WIS. STAT. § 283.63. CWAC argues the court erred because § 283.63 is not the exclusive review procedure for WPDES permitting decisions. In the alternative, CWAC argues that, even if it was required to proceed under § 283.63, the circuit court should have applied an exception to the exhaustion doctrine. We reject both of these arguments for the reasons explained below.

## I. Failure to exhaust administrative remedies

█

¶ 7. To determine whether the circuit court properly exercised its discretion when it concluded CWAC failed to exhaust its administrative remedies, we must interpret the relevant statutes—WIS. STAT. §§ 227.52 and 283.63. Statutory interpretation presents a question of law that we review independently. *McNeil v. Hansen*, 2007 WI 56, ¶ 7, 300 Wis. 2d 358, 731 N.W.2d 273.

¶ 8. WISCONSIN STAT. § 227.52 provides a general right to judicial review of administrative decisions "except as otherwise provided by law."[2] The circuit court

---

[2] WISCONSIN STAT. § 227.52 lists six specific types of administrative decisions that are not subject to judicial review under WIS. STAT. ch. 227. *See* WIS. STAT. § 227.52(1)-(7). The DNR's decision to issue a WPDES permit is not one of them.

concluded WIS. STAT. § 286.63 provides an exception to § 227.52 review for WPDES permitting decisions. Section 286.63(1) states:

> Any [WPDES] permit applicant, permittee, affected state or 5 or more persons may secure a review by the [DNR] of any permit denial, modification, termination, or revocation and reissuance, the reasonableness of or necessity for any term or condition of any issued, reissued or modified permit, any proposed thermal effluent limitation established under s. 283.17 or any water quality based effluent limitation established under s. 283.13(5).

The statute further provides that a petition for review of a WPDES permitting decision must be filed "within 60 days after notice of any action which is reviewable under this section is issued[.]" WIS. STAT. § 283.63(1)(a). After the DNR receives the petition, it must hold a public hearing, at which the petitioner "shall present evidence . . . which is in support of the allegation made in the petition." WIS. STAT. § 283.63(1)(b). In addition, "[a]ll interested persons or their representative shall be afforded an opportunity to present facts, views or arguments relevant to the issues raised by the petitioners, and cross-examination shall be allowed." *Id.* The DNR must "consider anew all matters concerning the permit denial, modification, termination, or revocation and reissuance" and issue a decision within ninety days. WIS. STAT. §§ 283.63(1)(b), (1)(d). The DNR's decision is then "subject to judicial review as provided in ss. 227.52 to 227.58." WIS. STAT. § 283.63(2).

■
¶ 9. The circuit court concluded the two-step review procedure set forth in WIS. STAT. § 283.63—that is, agency review, followed by judicial review—is the exclusive, mandatory method of review for WPDES permit-

ting decisions. CWAC disagrees, asserting the language of § 283.63 is not explicit enough to displace the general right to judicial review provided by WIS. STAT. § 227.52. In support of this argument, CWAC emphasizes that § 283.63(1) states certain parties "*may* secure a review by the [DNR] of any permit denial, modification, termination, or revocation and reissuance[.]" (Emphasis added.) CWAC argues § 283.63 merely "provides an additional layer of administrative review through which certain persons are afforded an opportunity to secure *de novo* review of the DNR's WPDES permitting decisions . . . and to further develop the factual record in a contested case hearing."

¶ 10.　CWAC's argument is foreclosed by *Sewerage Commission*. There, the DNR issued two WPDES permits to the Milwaukee sewerage commission in December 1974. *Sewerage Commission*, 102 Wis. 2d at 615. The permits required the commission to achieve certain effluent limitations by December 27, 1974, and January 1, 1975. *Id.* The commission petitioned the DNR for clarification of certain permit terms, but it did not challenge the DNR's authority to require the achievement of effluent limitations by the dates listed in the permits. *Id.*

¶ 11.　The commission apparently failed to meet the permits' deadlines for the achievement of effluent limitations. *Id.* Faced with the threat of an enforcement action by the DNR, the commission filed a declaratory judgment action under WIS. STAT. § 227.40,[3] alleging the

_____

[3] *Sewerage Commission v. DNR*, 102 Wis. 2d 613, 615, 307 N.W.2d 189 (1981), applied the 1973 version of the Wisconsin Statutes. At that time, the statutes currently numbered WIS. STAT. § 227.40 and WIS. STAT. §§ 227.52–227.58 were numbered § 227.05 and §§ 227.15–227.21, respectively. In addition, WIS. STAT. § 283.63 was then numbered § 147.20. The parties do not

relevant state and federal statutes did not require publicly owned treatment works to achieve effluent limitations until July 1, 1977. *Id.* The commission asked the circuit court to declare the effluent limitation deadlines in its permits void and the DNR's underlying administrative rule invalid. *Id.* at 615–16. The circuit court granted the commission's request to void the deadlines, but it did not invalidate the administrative rule. *Id.* at 619.

¶ 12. On appeal, the DNR argued the circuit court never gained "subject matter jurisdiction" over the commission's declaratory judgment action because "the only way the commission[] could properly challenge the DNR's administrative authority to require achievement of effluent limitations prior to July 1, 1977, was under [Wis. Stat. § 283.63]." *Id.* at 620. The DNR contended § 283.63 was the "exclusive forum of challenge to the [DNR's] authority to require early compliance[.]" *Id.* at 621. The supreme court agreed, stating the commission's "failure to challenge the [DNR's] authority under the procedures of [§ 283.63] precluded the later challenge under ch. 227, because [§ 283.63] is the exclusive method of administrative and judicial review of the [DNR's] action." *Id.*

¶ 13. In support of this conclusion, the court noted that, "where a specified method of review is prescribed by an act creating a new right or conferring a new power, the method so prescribed is exclusive." *Id.* at 630. The court further stated a method of review will generally be deemed exclusive if it provides "a statutory remedy that is 'plain, speedy, and adequate[.]' " *Id.* (quoting *Kegonsa Joint Sanitary Dist. v. City of Stoughton*, 87 Wis. 2d 131, 145, 274 N.W.2d 598 (1979)). The

identify any relevant, substantive changes to these statutes since 1973. We therefore use the current section numbers.

court concluded WIS. STAT. § 283.63 met these criteria because: (1) § 283.63 "provides full access to both the administrative agency and the courts for review of permits and the rules underlying them[;]" (2) the relief that may be granted under § 283.63 is "plenary, fully as satisfactory as relief that could be granted by later declaratory judgment action under [WIS. STAT. § 227.40;]" and (3) the procedure set forth in § 283.63 is "timely," which serves the interest of the parties and the efficient administration of controversies by both the DNR and reviewing courts. *Id.*

¶ 14. The court further concluded the public policies underlying the Clean Water Act and WIS. STAT. ch. 283 supported its holding. The court observed both laws "reveal a strong commitment to timely achievement of the control of effluent discharges within technological capacity to do so." *Id.* at 624–25. Thus, the DNR and permittee "should be given every opportunity" to negotiate and resolve mutually acceptable permit terms "at the earliest possible date[.]" *Id.* at 625. The court concluded early resolution of disputes over permit terms

> is well served by requiring, as does [WIS. STAT. § 283.63], first, the negotiation of such matters between the department and the permit holder, as envisioned by the sixty-day period established for administrative appeal; and, second, timely appeal . . ., if necessary, to the courts for resolution of matters as to which agreement cannot be reached before the agency.

*Id.*

¶ 15. CWAC argues *Sewerage Commission* is distinguishable because it involved a declaratory judgment challenge to both a rule and a permit under WIS. STAT. § 227.40, whereas this case involves a challenge to a permit under WIS. STAT. § 227.52. We do not agree that

297

this distinction is material. *Sewerage Commission* explicitly held that the commission's failure to follow the procedure set forth in WIS. STAT. § 283.63 "precluded the later challenge under ch. 227, because [§ 283.63] is the exclusive method of administrative and judicial review of the [DNR's] action." *Sewerage Commission*, 102 Wis. 2d at 621. The court made it clear this holding applied regardless of whether the challenged agency action was a rule or a permit, and regardless of whether the challenge involved questions of fact or law. *See id.* at 621–22, 624. We agree with Appleton Coated that, "[b]ecause the contested case procedure to challenge a WPDES permit is exclusive, it follows that no other procedure—whether a rule challenge, a declaratory judgment, or as here, a premature judicial review petition—can circumvent it."

¶ 16. *Sewerage Commission's* analysis of WIS. STAT. § 283.63 is on point and is controlling precedent in this case. When the supreme court interprets a statute, that interpretation becomes "as much a part of the statute as if plainly written into it originally." *State ex rel. Klinger v. Baird*, 56 Wis. 2d 460, 468, 202 N.W.2d 31 (1972). Moreover, *Sewerage Commission* has been the law for over thirty years, but the legislature has not amended the relevant statutes to provide an alternative method of review for WPDES permitting decisions. "Legislative inaction over such a period of time may be deemed legislative approval of [the court's interpretation]." *Klinger*, 56 Wis. 2d at 467–68.

¶ 17. CWAC nevertheless argues WIS. STAT. § 283.63 cannot be the exclusive review procedure for WPDES permitting decisions because, if that were the case, the statute would violate federal regulations implementing the Clean Water Act. CWAC observes the

298

procedure set forth in § 283.63 is available only to a "permit applicant, permittee, affected state or 5 or more persons[.]" WIS. STAT. § 283.63(1). CWAC therefore argues that, if § 283.63 is the exclusive review procedure for WPDES permitting decisions, individual persons who are not permit applicants or permittees have no avenue for review.[4] CWAC asserts this violates 40 C.F.R. § 123.30, which prohibits a state from "narrowly restrict[ing] the class of persons who may challenge the approval or denial of permits."

¶ 18. We reject CWAC's argument for two reasons. First, the supreme court recently clarified that whether WIS. STAT. ch. 283 and the associated regulations are consistent with the Clean Water Act is a matter for the EPA to decide. *See Andersen*, 332 Wis. 2d 41, ¶¶ 64–65. Thus, if CWAC believes WIS. STAT. § 283.63 violates a federal regulation implementing the Clean Water Act, it should raise that concern with the EPA.

¶ 19. Second, we are not convinced that our interpretation of WIS. STAT. § 283.63 actually runs afoul of 40 C.F.R. § 123.30 by narrowly restricting the class of persons who may obtain review of WPDES permitting decisions. The federal regulation lists the following as examples of impermissible restrictions: "if only the permittee can obtain judicial review, if persons must demonstrate injury to a pecuniary interest in order to obtain judicial review, or if persons must have a property interest in close proximity to a discharge or surface waters in order to obtain judicial review." 40 C.F.R. § 123.30. Section 283.63 is significantly less restrictive

---

[4] For purposes of WIS. STAT. ch. 283, the term "person" means "an individual, owner, operator, corporation, limited liability company, partnership, association, municipality, interstate agency, state agency or federal agency." WIS. STAT. § 283.01(11).

than these examples. It merely requires any person who is not a permit applicant or permittee to join with four other like-minded persons in order to secure review of a permitting decision.[5]

¶ 20. CWAC's arguments on appeal rely heavily on a letter the Wisconsin attorney general wrote to the DNR on January 19, 2012. In the letter, the attorney general opined that WIS. STAT. § 283.63 is the mandatory, exclusive review procedure when permit applicants, permittees, affected states, and groups of five or more persons seek to challenge WPDES permitting decisions. However, because individual persons cannot proceed under § 283.63, the attorney general concluded they must be able to obtain direct judicial review of WPDES permitting decisions under WIS. STAT. § 227.52. As a corporation, CWAC is an individual person for purposes of WIS. STAT. ch. 283. *See* WIS. STAT. § 283.01(11). CWAC therefore argues it was entitled to proceed under § 227.52, pursuant to the attorney general's interpretation.

 

¶ 21. The attorney general's January 19, 2012 letter is not a formal attorney general opinion. Even if it were, attorney general opinions are not binding on this court. *State v. C.A.J.*, 148 Wis. 2d 137, 140, 434 N.W.2d 800 (Ct. App. 1988). Instead, an attorney general opinion is "entitled to such persuasive effect as the court deems the opinion warrants." *Hahner v. Board of*

---

[5] Appleton Coated argues the legislature likely chose to restrict review of WPDES permitting decisions to groups of five or more persons because it made a policy decision that individual persons should not be able to compel the expenditure of agency and judicial resources required for contested case hearings and subsequent judicial review. However, we find no legislative history to support this contention.

*Educ.*, 89 Wis. 2d 180, 192, 278 N.W.2d 474 (Ct. App. 1979). We do not find the attorney general's January 19, 2012 letter persuasive.

¶ 22. The attorney general's conclusion that individual persons may obtain direct judicial review of WPDES permitting decisions under WIS. STAT. § 227.52 is inconsistent with *Sewerage Commission.* Further, the attorney general's interpretation produces an illogical result. According to the attorney general, groups of five or more persons are required to engage in contested case hearings under WIS. STAT. § 283.63 before obtaining judicial review, but any group of fewer than five persons may bypass the contested case hearing and proceed directly to court. If that were the case, nothing would prevent groups of five or more litigants from simply filing multiple, separate petitions for judicial review in order to avoid the contested case hearing requirement. The attorney general's letter does not explain why the legislature would have required groups of five or more persons to undertake an additional administrative process to secure judicial review, when they could just as easily avoid that process by proceeding separately.

¶ 23. Finally, we note an additional policy consideration supporting our conclusion that a contested case hearing under WIS. STAT. § 283.63 is a mandatory prerequisite to judicial review of a WPDES permitting decision. When reviewing an administrative decision under WIS. STAT. §§ 227.52–227.58, a circuit court is generally restricted to considering only the record developed before the agency. WIS. STAT. § 227.57(1). Here, the record developed before the DNR is lengthy, but it is also highly technical, and there is little or no explanation of which information the DNR relied on or how that information supports its decision. A circuit court

reviewing this record would have little way of knowing whether the DNR's factual findings are supported by substantial evidence in the record or whether its legal conclusions are reasonable.[6] If this case had proceeded to a contested case hearing under § 283.63 prior to judicial review, the record would be more developed and would, at the very least, include the decision the DNR is required to issue under WIS. STAT. § 283.63(1)(d). Requiring a contested case hearing therefore allows for more effective judicial review of the DNR's WPDES permitting decisions.[7]

¶ 24. For all the foregoing reasons, we conclude CWAC was required to obtain a contested case hearing under WIS. STAT. § 283.63 before petitioning for judicial review of Appleton Coated's WPDES permit. Accordingly, the circuit court properly concluded CWAC failed to exhaust its administrative remedies.

## II. Exceptions to the exhaustion doctrine

¶ 25. CWAC next argues that, even if the circuit court properly concluded CWAC failed to exhaust its

---

[6] See WIS. STAT. § 227.57(6) (court must defer to agency's factual findings if supported by "substantial evidence in the record"); Andersen v. DNR, 2011 WI 19, ¶¶ 27, 30, 332 Wis. 2d 41, 796 N.W.2d 1 (courts typically apply a "high level of deference" to DNR's legal conclusions in complex environmental cases; under great weight deference agency's legal conclusions are sustained if reasonable).

[7] We acknowledge that agency decisions not arising from contested case hearings are generally reviewable under WIS. STAT. §§ 227.52–227.58. See, e.g., WIS. STAT. § 227.53(1)(a)2m. However, because WPDES permitting decisions involve complex environmental issues, it makes sense the legislature would have chosen to require contested case hearings as a prerequisite to judicial review of these specific decisions.

administrative remedies, the court should have applied an exception to the exhaustion doctrine. A court "need not apply the exhaustion doctrine in a rigid, unbending way," and it may make exceptions to the doctrine in "exceptional cases" when there are good reasons for doing so. *Sauk Cnty. v. Trager*, 118 Wis. 2d 204, 214, 346 N.W.2d 756 (1984). "In exercising its discretion in whether to apply the exhaustion doctrine, the court should balance the litigant's need for judicial review, the agency's interest in precluding the litigant from defending the action, and the public's interest in the sound administration of justice." *Id.* Here, we conclude the circuit court properly exercised its discretion by refusing to apply an exception to the exhaustion doctrine.

¶ 26. CWAC first argues the court should have made an exception to the exhaustion doctrine because the review procedure described in Wis. Stat. § 283.63 is unavailable to CWAC. We are unpersuaded. We acknowledge that the review procedure in § 283.63 is restricted to permit applicants, permittees, affected states, and groups of five or more persons. We also acknowledge CWAC is a single person within the meaning of the statute. However, that does not mean relief under § 283.63 was completely unavailable to CWAC. Instead, as the circuit court concluded, to obtain review of Appleton Coated's WPDES permit, CWAC simply needed to identify four like-minded individuals willing to join its petition for a contested case hearing. CWAC is a self-described "environmental advocacy group" that is "led by a board of directors and composed of hundreds of eco-minded members."[8] Under these circumstances, it

---

[8] *See* What is CWAC?, http://www.cleanwateractioncouncil. org/ about/(last visited Apr. 16, 2014).

is nearly impossible to believe CWAC would have been incapable of identifying four other persons willing to join its petition.

¶ 27. CWAC also argues the circuit court should have granted an exception to the exhaustion doctrine because denying CWAC judicial review in these circumstances would be "harsh and unfair." *See Metz v. Veterinary Examining Bd.*, 2007 WI App 220, ¶ 15, 305 Wis. 2d 788, 741 N.W.2d 244. CWAC asserts it petitioned for judicial review under WIS. STAT. § 227.52 in reliance on the attorney general's January 19, 2012 letter. CWAC contends its reliance on the attorney general's letter should excuse its failure to follow the proper procedure.

¶ 28. We disagree. *Sewerage Commission* has been the law for over thirty years. Rather than following the procedure required under *Sewerage Commission*, CWAC chose to rely on a novel interpretation of that case proffered by the attorney general in an informal opinion. It did so despite the well-established fact that attorney general opinions are not precedential authority. The situation here is one of CWAC's own making and is not the type of circumstance in which courts have found it would be harsh and unfair to apply the exhaustion doctrine.

¶ 29. For instance, in *Trager*, 118 Wis. 2d at 206, the supreme court refused to apply the exhaustion doctrine where a property owner failed to seek judicial review of a board of adjustment's adverse decision but then sought to raise the decision's invalidity as a defense in a subsequent enforcement action. The court noted that applying the exhaustion doctrine would strip the property owner of his only defense to the enforcement action, which would subject him to a forfeiture of up to $5,000 and an order to move or destroy a building

foundation. *Id.* at 216. The court concluded these consequences were sufficiently harsh to outweigh the policy interests favoring application of the exhaustion doctrine. *Id.*; *see also Town of Menasha v. B & B Race Car Eng'g*, 172 Wis. 2d 419, 493 N.W.2d 250 (Ct. App. 1992) (refusing to apply exhaustion doctrine in a tax enforcement action because doing so would strip the property owner of its only defense and subject it to a $5,000 forfeiture).

¶ 30. The supreme court also refused to apply the exhaustion doctrine in a case where a pro se prisoner litigant failed to timely file an administrative appeal of a decision to revoke his probation and subsequently sought judicial review of the decision via a writ of certiorari. *See Mentek*, 242 Wis. 2d 94, ¶¶ 2–4. The court noted the prisoner's former attorney had informed him that failure to file an administrative appeal would not bar him from petitioning for a writ of certiorari. *Id.*, ¶ 14. The court also observed the revocation decision directly impacted the prisoner's liberty interest, and "[d]espite nearly three years of legal efforts remarkable for a pro se litigant filing from behind bars," the prisoner "ha[d] yet to receive meaningful judicial review[.]" *Id.*, ¶¶ 11, 16.

■

¶ 31. The harsh and unfair consequences of the exhaustion doctrine that were present in *Trager, Town of Menasha*, and *Mentek* are not present in this case. CWAC is not an unwilling defendant in a forfeiture action facing a monetary sanction. Nor is CWAC a pro se litigant facing the deprivation of its liberty interest. Instead, CWAC is a party that, while represented by counsel, chose to initiate litigation using a procedure contrary to well-settled law in reliance on a novel interpretation advanced by the attorney general. Under

these circumstances, the public's interest in the sound administration of justice is best served by the use of the two-step procedure set forth in Wis. Stat. § 283.63 and required by *Sewerage Commission.* CWAC has not established that the circuit court erroneously exercised its discretion by failing to apply an exception to the exhaustion doctrine.

*By the Court.*—Order affirmed.