COURT OF APPEALS
DECISION
DATED AND FILED

May 13, 2026

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2025AP258**

Cir. Ct. No. 2024CV1106

**STATE OF WISCONSIN**

**IN COURT OF APPEALS
DISTRICT II**

TERRI DEPRINZIO,

PLAINTIFF-APPELLANT,

V.

JUDY LUDKE, TODD WALRATH, DEBBIE MUELLER, TODD'S COMPANIONPLUS, INC., DONNA GILBERT AND ENIDA SCHOEPF,

DEFENDANTS-RESPONDENTS.

APPEAL from orders of the circuit court for Kenosha County: HEATHER R. IVERSON, Judge. *Affirmed*.

Before Neubauer, P.J., Gundrum, and Lazar, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. Terri Deprinzio, pro se, appeals from circuit court orders dismissing her case with prejudice and imposing sanctions. The circuit court agreed with Respondents William Boyd Todd (inappropriately denominated as Todd Walrath) and Todd's Companionplus, Inc. and concluded that Deprinzio's appeal fails on the merits because she did not timely file an administrative complaint. We agree and affirm.

## BACKGROUND

¶2 Deprinzio was employed as a caregiver at Todd's Companionplus, Inc. for several months and was terminated on October 27, 2023. In September 2024, Deprinzio filed an action in state court, complaining that her former employer terminated her for age and disability discrimination.[1] The court held a hearing on Todd's Companionplus's motion for dismissal with prejudice in January 2025, and granted the requested relief, including sanctions, citing Deprinzio's failure to file for administrative relief during the statutorily prescribed period available for her to do so.[2] Deprinzio timely appealed.

---

[1] Deprinzio alleges that Todd's Companionplus terminated her employment "without due process of law" and "without just cause or sufficient reasons[,]" but there is no evidence in the Record that she had an express or implied contract stating she could only be terminated for cause. Wisconsin is an at-will employment state, and "[t]he basic at-will employment rule is that '[a]t-will employees are terminable at will, for any reason, without cause and with no judicial remedy.'" *Bukstein v. Dean Health Sys., Inc.*, 2017 WI App 54, ¶15, 377 Wis. 2d 688, 903 N.W.2d 130 (second alteration in original; citation omitted).

Only respondents William Boyd Todd and Todd's Companionplus, Inc. participated in the circuit court action and in this appeal.

[2] The circuit court also denied Deprinzio's motion for reconsideration.

2

**DISCUSSION**

¶3      On appeal, Deprinzio's claims are: (1) the circuit court abused its discretion by ruling that she failed to exhaust administrative remedies for her discrimination claims, (2) constitutional claims are not barred by failure to exhaust administrative remedies, (3) the court abused its discretion by not ordering default judgment against the defendants who did not answer the complaint, (4) the court erred in dismissing claims against defendants "who evaded service by falsely claiming they no longer worked for the company[,]" (5) the court "disregard[ed] her] other valid legal claims" when it dismissed her case in its entirety, and (6) the court erred in imposing sanctions against her.  We conclude Deprinzio may not bypass legislatively mandated prerequisites for judicial relief and therefore affirm the circuit court's orders, including the sanctions imposed on her.

¶4      To start, we note that throughout her briefs, Deprinzio makes sweeping, conclusory claims, but she fails to present developed legal arguments to support them.  Generally, we need not consider arguments that are undeveloped or unsupported by legal authority.  *State v. Pettit*, 171 Wis. 2d 627, 646-47, 492 N.W.2d 633 (Ct. App. 1992).  In addition, Deprinzio fails to cite to the Record in support of factual assertions in her brief, as statutorily required.  *See* WIS. STAT. RULE 809.19(1)(e) (2023-24).[3]      We are authorized to summarily dismiss Deprinzio's appeal for these omissions.  *See* WIS. STAT. RULE 809.83(2); *Dieck v. Unified Sch. Dist. of Antigo*, 157 Wis. 2d 134, 148 n.9, 458 N.W.2d 565 (Ct. App. 1990) (declining to consider arguments relying on unsupported factual assertions).  While this court makes some allowances for the failings of parties, who, as here,

---

[3]  All references to the Wisconsin Statutes are to the 2023-24 version.

are not represented by counsel, this court "cannot serve as both advocate and judge[,]" *Pettit*, 171 Wis. 2d at 647, and will not scour the Record to develop arguments for an appellant, *State v. Jackson*, 229 Wis. 2d 328, 337, 600 N.W.2d 39 (Ct. App. 1999). Nevertheless, in the interest of completeness, we will address Deprinzio's individual arguments as best as we are able to discern them.[4]

## I. Exhaustion Doctrine

¶5 Under the erroneous exercise of discretion standard of review, we uphold a circuit court's decision to apply the exhaustion doctrine "if it examined the relevant facts, applied a proper standard of law, and used a demonstrably rational process to reach a reasonable conclusion." *Clean Water Action Council of Ne. Wis. v. DNR*, 2014 WI App 61, ¶5, 354 Wis. 2d 286, 848 N.W.2d 336. "We independently review any questions of law underlying the court's discretionary decision." *Id.*

¶6 Deprinzio's employment discrimination lawsuit filed in state court is governed by the Wisconsin Fair Employment Act (Act). *See* WIS. STAT. §§ 111.31-111.395. Under the Act, the Department of Workforce Development

---

[4] Any arguments that we do not explicitly address are deemed denied. *See Libertarian Party of Wis. v. State*, 199 Wis. 2d 790, 801, 546 N.W.2d 424 (1996) (stating that an appellate court need not discuss arguments that "lack sufficient merit to warrant individual attention").

(DWD) has exclusive authority to enforce employment anti-discrimination laws.[5] *See **Bourque v. Wausau Hosp. Ctr.***, 145 Wis. 2d 589, 599, 427 N.W.2d 433 (Ct. App. 1988). The Act mandates that a complainant must file an administrative complaint with the DWD within 300 days of the alleged discriminatory act. Sec. 111.39(1). Findings and orders of the DWD are subject to judicial review. Sec. 111.395. A plaintiff alleging employment discrimination must exhaust the administrative remedy prior to seeking judicial review. *See **Bourque***, 145 Wis. 2d at 594 ("[W]here the statutory scheme for relief provides for administrative proceedings and judicial review of the administrative decision, the plaintiff must exhaust the administrative remedy before recourse to the courts.").

¶7 The circuit court found that Deprinzio was terminated on October 27, 2023, rendering August 22, 2024 as the expiration of the period in which she could have filed an administrative complaint with DWD.[6] The Record shows that Deprinzio failed to file any administrative complaint with DWD prior to this deadline. Deprinzio filed her civil action in September 2024. We conclude that the court did not err in finding that Deprinzio failed to pursue the mandatory

---

[5] Despite this clear interpretation of the Act, Deprinzio claims that "the [Act's] statutory language does not expressly preclude judicial intervention when administrative remedies are not fully pursued." This statement is the antithesis of the exhaustion doctrine in administrative law and does not describe the legislature's intent with respect to the Act. *See **Bourque v. Wausau Hosp. Ctr.***, 145 Wis. 2d 589, 594-95, 427 N.W.2d 433 (Ct. App. 1988) ("Whether the [Act] provides the exclusive remedy in the present case is basically a question of legislative intent. In ascertaining that intent, it is a fundamental principle of statutory construction that absent a legislative indication to the contrary, the legislature is deemed to have intended a comprehensive statutory remedy to be exclusive." "The [Act] … provides that all remedies based on violations of the Act are to be pursued through [DWD.]").

[6] Deprinzio does not make any claim that a discriminatory act occurred after the termination of her employment on October 27, 2023.

5

administrative review procedures within the prescribed period, which bars her civil lawsuit.

¶8      As her case was dismissed for failure to exhaust administrative remedies, Deprinzio makes several conclusory arguments on appeal for why the exhaustion doctrine does not apply to her case.  At the outset, Deprinzio cites to *State ex rel. Mentek v. Schwarz*, 2001 WI 32, 242 Wis. 2d 94, 624 N.W.2d 150, for the proposition that "the exhaustion doctrine should not be applied in a rigid, unbending way."  While that court identified an additional exception to the doctrine of exhaustion of administrative remedies, it did so under WIS. STAT. § 801.02(7) and held that the doctrine "does not apply to a petition for a writ of certiorari seeking judicial review of a probation revocation by the Department of Administration." *Mentek*, 242 Wis. 2d 94, ¶2.  This is inapplicable to Deprinzio's employment discrimination claim.  Deprinzio argues that we should employ the methodology described in *Mentek* to identify whether there is reason supporting the application of the exhaustion doctrine to her case, but she fails to sufficiently develop the argument on this point.

¶9      Deprinzio next argues "that the [circuit] court abused its discretion by misinterpreting exhaustion requirements and ignoring the substantial compliance doctrine."  She cites to *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982), to argue that she substantially complied with administrative review procedures.  *Zipes* is a federal decision pertaining to an alleged violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. *Zipes*, 455 U.S. at 387.  That Court held that compliance with the filing period for the Equal Employment Opportunity Commission was not a jurisdictional prerequisite to

filing a Title VII suit. *Id.* at 398. Notwithstanding that *Zipes* does not stand for Deprinzio's proposition,[7] there is no evidence in the Record that Deprinzio complied with any administrative procedure, precluding any substantial compliance claim.[8]

¶10 Deprinzio states that "Wisconsin case law recognizes exceptions to the exhaustion doctrine when adherence to administrative procedures would be futile, when the agency lacks authority to grant effective relief, or when the issues at hand fall outside the agency's specialized expertise." She cites to *Lamar Central Outdoor, Inc. v. Board of Zoning Appeals*, 2005 WI 117, 284 Wis. 2d 1, 700 N.W.2d 87, to argue that "exhaustion is unnecessary when it is clear that the administrative body lacks the authority to provide meaningful relief[,]" and intimates that the "[DWD could not] resolve the dispute due to procedural delays

---

[7] Throughout her briefs, Deprinzio relies on many federal decisions interpreting Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., when federal authority is at best persuasive and certainly not precedent for interpretation of Wisconsin statutes:

> Wisconsin courts have at times looked to federal employment law for "guidance" in considering discrimination claims under the [Act]. However, we are not bound to do so; and we are not, in this instance, in need of guidance as [the statute] is clear on its face. Hence, no resort to … analogous federal statutes … is necessary or permitted.

*Racine Unified Sch. Dist. v. LIRC*, 164 Wis. 2d 567, 586-87, 476 N.W.2d 707 (Ct. App. 1991) (citations omitted).

[8] In her brief, Deprinzio seemingly conflates the administrative review process with appeals she made to her employer to reconsider her termination, such as when she states, "[t]he undersigned attempted to pursue administrative complaint with her formal request and/or demands on [Todd's Companionplus] to be provided with information[,]" and "[h]ere, the undersigned's judicial claims mirror those raised on the administrative path to obtain information from the appellee who declined to supply information[] for purposes of filing a complaint. The Todd's Companionplus agency had the opportunity to investigate, and the issuance of the termination notice confirmed that the agency's involvement was complete."

[or] lack of jurisdiction or other limitations" but does not offer any evidence in support of these contentions. She also intimates that she "seek[s] relief or remedies beyond the [DWD]'s statutory authority" but does not describe what relief she is seeking that is beyond the agency's authority. *Lamar* is inapplicable and does not support her contentions, as it involved the failure of a zoning board to reasonably exercise its discretion in denying a variance request because it inadequately expressed the reasoning behind its decision. *Id.*, ¶1.

¶11 Similarly, Deprinzio's reliance on *Wisconsin Bell, Inc. v. LIRC*, 2018 WI 76, 382 Wis. 2d 624, 914 N.W.2d 1, is misplaced because there the appellant sought administrative review of his employment termination, and the exhaustion doctrine was not at issue. While "[c]ourts do not apply the rule [of exhaustion] when they determine that the reasons supporting the exhaustion rule are lacking, such as where the administrative agency would not have afforded the party adequate relief because the agency did not have the authority to provide the remedy sought[,]" *Fazio v. Department of Employee Trust Funds*, 2002 WI App 127, ¶11, 255 Wis. 2d 801, 645 N.W.2d 618, Deprinzio fails to make any legally supported argument that the facts of her case fall within an exception to the exhaustion doctrine. Thus, this argument, too, fails.

¶12 Deprinzio argues against the applicability of the 300-day window to file a complaint with the DWD to her case because "1) equitable tolling applies under the circumstances, 2) the continuing violation doctrine preserves the undersigned's claims, and 3) the statute of limitation is not jurisdictional and therefore subject to exceptions." She fails to cite facts in the Record or any applicable case law to develop legal arguments in support of her contentions. Instead, she cites cases that do not stand for the proposition for which she cites

them and fails to corroborate her factual claims by citing evidence in the Record. Thus, we decline to consider these arguments. *See **Pettit***, 171 Wis. 2d at 646-47.

## II.  Constitutional Claims

¶13   Deprinzio makes several conclusory arguments urging us to consider her constitutional claims.   For Deprinzio's contention that "[c]ourts have consistently recognized that administrative agencies are investigatory bodies that lack[] the authority to adjudicate constitutional issues or provide complete judicial remedies[,]" she cites to ***Patsy v. Board of Regents***, 457 U.S. 496 (1982), but that case holds that exhaustion of state administrative remedies was not a prerequisite to file action in federal court under 42 U.S.C. § 1983, which provides a general cause of action for damages against federal officials for federal constitutional violations, and which is inapplicable to Deprinzio's argument.[9]  *See **Patsy***, 457 U.S. at 498.   She insists that her due process claim is independent of the administrative exhaustion requirement, but she does not describe what due process violation she suffered,[10] thereby failing to cite to the Record, nor does she present developed legal arguments for her contentions.

¶14   Deprinzio also states, "[c]ourts have recognized that constitutional claims, particularly due process violations fall outside the scope of administrative agency jurisdiction" and inexplicably cites to ***Village of Menomonee Falls v. DNR***, 140 Wis. 2d 579, 412 N.W.2d 505 (Ct. App. 1987), which pertains to the denial of permits for a stormwater channelization project and does not implicate

---

[9]  *See supra* note 7.

[10]  *See supra* note 2.

the exhaustion doctrine or discuss due process violations as outside of the jurisdiction of administrative agencies. *Id.* at 583. Again, she fails to sufficiently develop this argument.

¶15 She cites to federal decisions for the proposition that "[c]onstitutional claims, including those alleging discrimination under the [E]qual Protection C[l]ause are not subject to strict administrative exhaustion requirements" yet fails to provide any facts or analysis on this issue. She conclusorily states that "[s]he has alleged and offered evidence of very serious constitutional violations" without any pertinent factual allegations or citations to the Record. She incorrectly states that she is limited from accessing judicial relief through having to first seek relief at an administrative agency: she is mistaken as the state statute expressly authorizes that she may seek judicial review on her discrimination claims after she exhausts administrative remedies. *See* WIS. STAT. § 111.395. For her failure to cite to relevant legal authority in support of these arguments, we decline to consider them. *See Pettit*, 171 Wis. 2d at 646-47.

### III. Default Judgment

¶16 Deprinzio claims that the circuit court abused its discretion by not ordering default judgment against the defendants who did not answer her Complaint. The court stated at the motion hearing and in its written order for dismissal that it was dismissing the case against all defendants. The written order stated: "The court heard the motion in a hearing held on January 14, 2025, and granted the motions, dismissing the case with Prejudice against all listed Defendants and imposing Sanctions on Plaintiff in the amount of $50 payable within 60 days." Deprinzio fails to cite to facts on the Record to support this

argument or to legal authority that would provide a basis for this argument. Thus, we decline to consider this argument. *See id.*

## IV. Non-Party Individuals

¶17 Deprinzio claims the circuit court erred in dismissing the case against individuals "who evaded service by falsely claiming they no longer worked for the company[.]" Notwithstanding the incongruity regarding court jurisdiction over any individual who is not a party to an action, Deprinzio fails to cite facts in the Record to support this argument or to legal authority that would provide a basis for her contention. Thus, we decline to consider this argument. *See id.*

## V. Other Legal Claims

¶18 Deprinzio claims the circuit court "disregard[ed her] other valid legal claims[,]" presumably including her purported due process claim, when it dismissed her case in its entirety, but again, she fails to cite to the Record or applicable legal authority to support this claim. We, again, decline to consider these arguments. *See id.*

## VI. Sanctions

¶19 Finally, Deprinzio argues that the circuit court erred in imposing sanctions against her. *See* WIS. STAT. § 802.05. We use the deferential erroneous exercise of discretion standard in reviewing the circuit court's application of § 802.05. *See* ***Jandrt ex rel. Brueggeman v. Jerome Foods, Inc.***, 227 Wis. 2d 531, ¶30, 597 N.W.2d 744 (1999). "A circuit court's discretionary decision will be sustained if it examined the relevant facts, applied a proper standard of law and,

using a demonstrated rational process, reached a conclusion that a reasonable judge could reach." *Id.*

¶20 WISCONSIN STAT. § 802.05 authorizes sanctions by motion or on the circuit court's initiative where a party's representation to the court is made for an improper purpose, or the party states claims not warranted by existing law or that are frivolous in seeking extension of existing law, or the allegations fail to have evidentiary support. Sec. 802.05(2)(a)-(c), (3)(a)1.-2. Todd's Companionplus filed a motion for dismissal with prejudice and sanctions in December 2024, asserting grounds that Deprinzio failed to state a viable claim. The circuit court held a motion hearing in January 2025, where it found that "[Deprinzio]'s employment was terminated on October 27, 2023[,]" and that "under [WIS. STAT.] § 111.39(1), the [DWD] has exclusive authority to enforce anti-discrimination laws in employment, and a complainant must file an administrative complaint within 300 days of the alleged discriminatory act."

¶21 The circuit court stated, "[t]his requirement serves the essential purpose of allowing for administrative investigation and potential resolution before court intervention." Noting that the 300-day period expired on August 22, 2024, and there was no evidence that Deprinzio filed an administrative complaint with DWD, the court found that Deprinzio initiated the lawsuit on September 30, 2024, after the expiration of the statutory period and did not present a Right to Sue letter or other evidence of having exhausted administrative remedies. The court also found that Todd's Companionplus "properly served notice of their intent to seek sanctions under [WIS. STAT.] § 802.05 [and] provid[ed] the required 21-day period for [Deprinzio] to withdraw the complaint. [Deprinzio] did not do so, necessitating this motion."

¶22 Thus, because Deprinzio failed to file an administrative complaint to DWD during the statutorily conferred period, the circuit court stated, "[t]he law is quite clear that exhaustion of administrative remedies is a prerequisite to filing suit in this [c]ourt. [Deprinzio]'s failure to pursue these mandatory administrative procedures within the prescribed time period is fatal to this present action."

¶23 The circuit court dismissed Deprinzio's case with prejudice and imposed sanctions in the amount of $50. Deprinzio incorrectly asserts that a "[f]ailure to comply with p[re]r[e]quisites does not automatically satisfy these criteria." Her failure to file a timely administrative complaint and her pursuit of unsupported arguments seeking an exclusion from the statute of limitations squarely implicate the criteria for the court to impose sanctions, as, at the very least, her allegations have no factual support. *See* WIS. STAT. § 802.05(2)(c). We conclude the circuit court did not err in imposing sanctions against Deprinzio.[11]

*By the Court.*—Orders affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.

---

[11] Additionally, in their brief, the Respondents seek sanctions against Deprinzio's "attorney in fact" who filed several pleadings in the circuit court (some of which appear to be duplicated directly in this appeal) because he is not an attorney and appears to be practicing law without a license. That matter was previously addressed by this court in an order, dated April 22, 2025, in which Respondent's similar motion was denied. We do not address this request again.